UNITED STATES of America, Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.

No. 69 Civ. 200 (DNE).

United States District Court, S. D. New York.

July 19, 1978.

U. S. Dept. of Justice, Antitrust Division, Washington D. C., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for Memorex Corp.

## MEMORANDUM

EDELSTEIN, Chief Judge:

The court by this Memorandum determines matters raised by two motions before the court in this civil antitrust action brought by the United States of America against International Business Machines Corporation (IBM). Memorex Corporation moves the court for an order:

(i) granting Memorex's motion for reargument and rehearing of this Court's April 15, 1977 Order requiring Memorex to produce certain documents to counsel for IBM;

(ii) upon the granting of said motion, permitting counsel for Memorex to present evidence and argument to the Court, in camera and ex parte, demonstrating that said documents should not be required to be produced and that IBM's motion to compel production should be denied and the subpoenas quashed or, in the alternative, that a protective order should issue barring compelled disclosure of said documents. . .

IBM moves the court for an order:

(1) striking Mr. Gardner's trial testimony; and

1. The Memorandum and Order of April 15, 1977 is as follows:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,    69 Civ. 200
      v.                   (DNE)

INTERNATIONAL BUSINESS MACHINES
CORPORATION,          MEMORANDUM AND
                    ORDER
          Defendant.

On January 25, 1977, defendant International Business Machines Corporation applied to this court for an order for the production of documents from one of plaintiff's witnesses, Thomas E. Gardner, and that witness' employer, Memorex Corporation. On February 1, 1977, the court ruled on that application and ordered the production of certain of the documents sought. According to that order, documents as to which Memorex asserted a claim of privilege were to be submitted in the first instance to the court for its review. Counsel for Memorex was further given leave to submit memoranda in support of such claims.

(2) striking those portions of the trial testimony of Messrs. McAdams, Weiss and Preston which relate or refer, directly or indirectly, to the testimony of Mr. Gardner, in whole or in part, or which respond to hypothetical questions based in whole or in part on that testimony;

The court's disposition of the Memorex motion compels the result reached in the IBM motion. That relationship suggests the order in which the two motions will be discussed.

## MEMOREX MOTION FOR REARGUMENT OF THIS COURT'S APRIL 15, 1977 ORDER

On April 15, 1977, the court entered a Memorandum and Order rejecting Memorex counsel's claims of work product protection and attorney-client privilege and ordering that thirty-four documents submitted to the court for review be produced by Memorex to counsel for IBM.[1] Memorex contends, in its motion for reargument of that Order, that the court is in error in its determination of Memorex counsel's work product claims and, alternatively, that the documents in question should be protected from production to IBM because compelled disclosure "would eviscerate the trial preparation of Memorex's attorneys and cause irreparable harm to Memorex"[2] in the private antitrust litigation between Memorex and IBM.

Counsel for Memorex has submitted to the court for its review thirty-four documents as to which claims of work product protection and/or attorney-client privilege are asserted.

The court has reviewed those documents together with the memorandum and affidavits submitted therewith and has determined that none of the asserted claims is meritorious. It is hereby ordered, therefore, that each of the thirty-four documents submitted for review to this court shall be produced by Memorex to counsel for International Business Machines Corporation within ten days of the entry of this order.

So ordered.

      /s/ David N. Edelstein
          David N. Edelstein
            Chief Judge

Dated:  New York, New York
       April 15, 1977

2. Memorandum of Memorex Corporation in support of the instant motion at 3.

IBM, in its response to the instant motion, argues only the procedural point that Memorex's motion does not satisfy the court's established standard for motions for reargument. IBM is correct that Memorex's motion should be denied on that basis.

The court has had frequent and recent occasion to reiterate the appropriate standard for motions for reargument. In this action, the court has stated,

> The strong interests in finality and the procedural directions of Local General Rule 9(m) lead this court to conclude that the only proper ground for a motion for reargument is that the court has overlooked "matters or controlling decisions" which, had they been considered, might reasonably have altered the result reached by the court. (footnotes omitted).
>
> United States v. International Business Machines Corporation, 69 Civ. 200 (S.D. N.Y.) (D.N.E.), Memorandum, October 10, 1975 at 2.

That standard was reaffirmed in a Memorandum opinion in this action dated November 25, 1977 and in a Memorandum opinion in United States v. N. V. Nederlandsche Combinatie Voor Chemische Industrie et al., 75 F.R.D. 473 (S.D.N.Y.1977).

Memorex does not even allege that its instant motion meets the court's standard for granting reargument. Memorex merely argues that the court was wrong in its ruling on work product, and that the court can and should protect the documents from production pursuant to Federal Rule of Civil Procedure 26(c).

■ Relief under Fed.R.Civ.P. 26(c) is sought for the first time by Memorex in the instant motion for reargument. Consequently, it cannot be a matter which the court has "overlooked" in entering its Memorandum and Order of April 15, 1977. As a basis for relief independent of the motion to reargue, Memorex's claim for a protective order must be denied as untimely. The court has stated, " . . . motions under Rule 26(c) must be served before the date set for production." United States v. International Business Machines Corporation, 70 F.R.D. 700, 701 (S.D.N.Y.1976). Leading commentary states, "Ordinarily the order must be obtained before the date set for the discovery, and failure to move at that time will be held to preclude objection later, but it may be that this rule will not be applied if there was no opportunity to move for a protective order." 8 C. Wright & A. Miller, Federal Practice and Procedure § 2035 at 262–63 (footnotes omitted). Memorex had ample opportunity to seek a protective order pursuant to Fed.R.Civ.P. 26(c); the court will not entertain Memorex's untimely motion for such an order.

By letter dated April 4, 1978, counsel for Memorex informed the court that four of the thirty-four documents subject to the court's Order of April 15, 1977 had been produced to IBM; therefore, its motion for reargument as to those documents is moot. As to the remaining thirty documents, Memorex's motion for reargument is denied. The documents in question shall be produced by Memorex to counsel for IBM within ten days of the entry of this Memorandum.

## IBM MOTION FOR AN ORDER STRIKING THE TESTIMONY OF THOMAS E. GARDNER AND PORTIONS OF THE TESTIMONY OF ALAN K. McADAMS, LEONARD W. WEISS, AND LEE E. PRESTON

■ IBM moves this court for an order striking the testimony of Thomas E. Gardner, an employee of Memorex who testified during plaintiff's direct case. IBM further contends that a striking of Mr. Gardner's testimony must result in the striking of those portions of the testimony of plaintiff's witnesses, McAdams, Weiss and Preston which rely upon or refer to the testimony of Mr. Gardner.

IBM's motion, as plaintiff correctly states, is entirely premature.

The entire basis for IBM's motion is its asserted right to receive the documents which were the subject of Memorex's motion. The court has agreed that IBM is entitled to production of those documents. That production, at this time, fully satisfies IBM's entitlement concerning this subject matter.

IBM's motion is denied.

So ordered.