Alan B. WEISSMAN and Vivien K.
Weissmann, Plaintiffs,

v.

Irwin FRUCHTMAN, Robert Esnard, Irving E. Minkin, Herbert Sturz, Cornelius F. Dennis, Ronald Silvers, Maurice Beane, Joseph Aguirre, George C. Sakona, Jerome De Canio, Betsy Haggerty, Judith Spektor, William Valletta, Jeffrey Glen, Leo Weinberger, Louis Munoz, Melvin Sokal and The City of New York, Defendants.

No. 83 Civ. 8958 (PKL).

United States District Court,
S.D. New York.

March 7, 1989.

Liebman, Adolf & Charme (Stephen M. Charme, of counsel), New York City, for plaintiffs.

Peter L. Zimroth, Corp. Counsel (Gabriel Taussig, Robin Binder, Jane L. Gordon, of counsel), New York City, for defendants.

## OPINION AND ORDER

LEISURE, District Judge:

This lawsuit is a large, complex dispute involving the defendants' regulatory actions relative to the plaintiffs' former property. The action turns upon intricate due process, ripeness, and other constitutional issues. This Court issued an Opinion and

---

Order dated November 29, 1988 (the "Opinion"). *Weissman v. Fruchtman,* 700 F.Supp. 746 (S.D.N.Y.1988). That Opinion granted summary judgment for the defendants on the bulk of the constitutional claims, but denied it as to specific claims arising out of the refusal of the defendants to issue certain demolition orders. Plaintiffs argued, and the Court agreed, that summary judgment on those issues was not justified on the factual record currently before the Court.

Plaintiffs immediately moved for "reargument" of that portion of the Opinion granting summary judgment for defendants, and in the alternative for the entry of partial judgment under Fed.R.Civ.P. 54(b), so that an appeal of those issues that were determined might be taken now.

*1. Reargument.*

■ Local Civil Rule 3(j) provides for a reargument motion, accompanied by "a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." The standards are clear on such motions for reargument. The "only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court." *Adams v. United States,* 686 F.Supp. 417, 418 (S.D.N.Y.1988). *See also, Bozsi Ltd. Partnership v. Lynott,* 676 F.Supp. 505, 509 (S.D.N.Y.1987); *Wm. Passalacqua Builders, Inc. v. Resnick Developers South, Inc.,* 611 F.Supp. 281, 283 (S.D.N.Y.1985); *United States v. Int'l Business Machines Corp.,* 79 F.R.D. 412, 414 (S.D.N.Y.1978).

The sound concerns reflected by these standards are apparent. The provision for reargument is not designed to allow wasteful repetition of arguments already briefed, considered and decided. *See, e.g., Ruiz v. Commissioner of the Dep't of Transp.,* 687 F.Supp. 888, 890 (S.D.N.Y.1988). Local Civil Rule 3(j) does not permit a party "to advance new facts, issues or arguments during a motion for reargument." *Morgan Guaranty Trust Co. v. Hellenic Lines*

*Ltd.,* No. 83 Civ. 8560 (RWS) (S.D.N.Y. 1984) (Westlaw 1984 WL 1387).

As indicated, this case is complex and involves intricate constitutional issues. In their moving papers, plaintiffs have critiqued various portions of the Opinion, rephrased their arguments, and bolstered the weak portions of their presentation. The Opinion of this Court, however, was not an adverse party's submission, to which plaintiffs are entitled to respond. Plaintiffs do not make any attempt at all to show new controlling law or factual matters, but launch into some thirty plus pages of legal re-argument on the merits of the precise claims that this Court decided in the Opinion.

Plaintiffs cannot be unaware of the applicable standards for reargument. This Court, *in this very action,* has previously stated that "[m]otions for reargument and reconsideration are not a substitute for an appeal from the final judgment." *Weissman v. Fruchtman,* 658 F.Supp. 547, 548 (S.D.N.Y.1987).

In short, plaintiffs have raised no controlling matter that was not before the Court prior to the issuance of the Opinion, and that was not explicitly or implicitly determined by the Court in that Opinion. As such, the present application is precisely the sort of endless litigious exercise that is to be avoided under the local rule. *See, Bozsi, supra,* 676 F.Supp. at 509 ("[A] request for reargument is not an occasion to reassert arguments previously raised, but dismissed by the Court."); *Lewis v. New York Tel.,* No. 83 Civ. 7129 (RWS) (S.D.N.Y.1986) (Westlaw 1986 WL 1441). The motion for reargument is therefore denied, and the Opinion will not be reconsidered.

*2. Fed.R.Civ.P. 54(b) Certification.*

■ Plaintiffs alternatively petition this Court to order the entry of a final judgment, under Fed.R.Civ.P. 54(b), on the claims decided in the Opinion. This would allow those issues to be appealed now, before the final resolution of the action in this Court.

Piecemeal certification at this point would be contrary to the Second Circuit's

recent admonition that appealable judgments under Fed.R.Civ.P. 54(b) "should not be made routinely or as an accommodation to counsel." *Burr v. Ambach*, 863 F.2d 1071, 1074 (2d Cir.1988) (*citing Brunswick Corp. v. Sheridan*, 582 F.2d 175, 183 (2d Cir.1978)). *See also, Perez v. Ortiz*, 849 F.2d 793, 796 (2d Cir.1988); *Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2d Cir.1985); *Cullen v. Margiotta*, 618 F.2d 226, 233 (2d Cir.1980). Fed.R.Civ.P. 54(b) certifications are to be "exercised sparingly," and issued only "in the infrequent hardship case." *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir.), *cert. denied*, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987).

In directing a Fed.R.Civ.P. 54(b) judgment, the District Court must make "statement of reasons explaining why 'there is no just reason for a delay' " in appeal. *Ambach, supra*, 863 F.2d at 1074 (*quoting* Fed.R.Civ.P. 52(b)); *Cullen v. Margiotta, supra*, 811 F.2d at 711. That statement must be reasoned and explicit, and not a mere recitation of the language of the Rule. *The National Bank of Washington v. Dolgov*, 853 F.2d 57, 58 (2d Cir.1988).

Plaintiffs have not offered, and the Court does not discern, any reason why delay of an appeal in this case until final judgment would be unreasonable. Plaintiffs have not, in fact, attempted to make any sort of showing of "undue hardship to the parties [which would allow the Court to deviate] from the normal principle that a final judgment is not entered prior to the complete adjudication of all of the claims of all of the parties." *Cullen, supra*, 811 F.2d at 711 (*citing Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 431–36, 76 S.Ct. 895, 897–900, 100 L.Ed. 1297 (1956)). *See also, Perez, supra*, 849 F.2d at 796.

The essence of the argument which plaintiffs do make is that piecemeal appeal may result in conservation of judicial resources. That argument is: if the appellate court reverses and remands for discovery and a trial,[1] and if a trial was required on the remaining claims, then there would be some overlap in subsequently trying, after remand, the issues upon which summary judgment was granted.

The Court is not persuaded by this tenuous line of reasoning. The argument rests upon too many doubtful presumptions which this Court finds contrary to the posture of this case and the reality of the allocation of scarce judicial time, at both the District and Appellate Court levels. The argument also proves too much. *Every* grant of less than full summary judgment might ultimately be appealed and remanded for trial, and thus, under plaintiffs' theory, judgment in such cases should always be entered. As indicated above, the case law and Fed.R.Civ.P. 54(b) clearly do not contemplate that every such decision result in the entry of appealable final judgment. The speculations of plaintiff do not approach the "hardship or injustice" which justify a Fed.R.Civ.P. 54(b) order. *Ambach, supra*, 863 F.2d at 1074.

The remaining claims will be determined by this Court, either by motion or at trial, and the parties will then have an opportunity to pursue a full and zealous appeal of all of the determinations in this action. The motion to order entry of final judgment pursuant to Fed.R.Civ.P. 54(b) is denied.

## CONCLUSION

Plaintiffs' motions for reargument and Fed.R.Civ.P. 54(b) certification are denied.

SO ORDERED.

---

1. The parties, and this Court, have agreed that there are no triable issues of material fact relative to the permit revocation claims. The Second Circuit, of course, might independently determine that triable issues do exist.