BRAMBLES USA, INC., a Delaware corporation, Plaintiff,

v.

Barry B. BLOCKER, Melvyn Bell, Edwin E. Walhof, George D. Combs, Charles C. Robertson, William H. Wilson, Jack W. Forrest, Jim L. Hanna, Theodore L. Stebbins, C. Warner, Jr., Donald R. Blocker, G & L Ditz Living Trust, G. Ditz, Jr. Family Trust, John A. Ditz, Smedjan Enterprises, Ltd., W.D. Bain, Jr., Anne A. Bain, Nancy B. Cota, Kittler B. Zibart, Pauline T. Bain, Donald E. Fraser, Steven J. Anderson and David L. Morrell, Defendants,

and

Environmental Systems Company, a Delaware corporation, Nominal Defendant.

Civ. A. No. 89–681 LON.

United States District Court, D. Delaware.

April 23, 1990.

R. Franklin Balotti and C. Stephen Bigler of Richards, Layton & Finger, Wilmington,

Del. (T. Livingston of Mayer, Brown & Platt, Chicago, Ill., of counsel), for plaintiff.

Stephen J. Rothschild and Randolph K. Herndon of Skadden, Arps, Slate, Meagher & Flom, Wilmington, Del., for defendants Bell, Walhof, Combs, Robertson, Wilson, Forrest, Hanna, Stebbins and Warner.

Bruce M. Stargatt, Josy W. Ingersoll and Bruce L. Silverstein of Young, Conaway, Stargatt & Taylor, Wilmington, Del. (Wilson, Sonsini, Goodrich & Rosati, Palo Alto, Cal., and Neisar, Pahl, Cecchini & Gosselin, San Francisco, Cal., of counsel), for Blocker, Blocker, G & L Ditz Living Trust, G. Ditz, Jr. Family Trust, Ditz, Smedjan, Bain, Jr., Bain, Cota, Zibart, Bain, Fraser, Anderson and Morrell.

David B. Ripsom and Judith N. Renzulli of Duane, Morris & Heckscher, Wilmington, Del., for nominal defendant Environmental Systems Co.

## OPINION

LONGOBARDI, Chief Judge.

The Plaintiff, pursuant to Local Rule of Civil Procedure 3.3, filed a motion for reargument of this Court's Opinion, Docket Item ("D.I.") 28, granting the Defendants' motion to dismiss this action because the Plaintiff lacked standing to pursue this lawsuit derivatively. 731 F.Supp. 643, 652.

While common in federal practice, the Federal Rules of Civil Procedure do not provide a mechanism for a motion for reargument or reconsideration of a decision. *See, e.g., Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983); *Fisher v. Samuels*, 691 F.Supp. 63, 74 (N.D.Ill.1988). Local Rule 3.3 of this Court provides that "a motion for reargument ... shall briefly and distinctly state the grounds therefor.... The

Court will determine from the motion and answer whether reargument will be granted." On its face, Local Rule 3.3 admits of no limitations on the grounds for such a motion. Nonetheless, in entertaining such motions, the Court is guided by several considerations.

In no event should reargument be granted where the matters advanced for reargument would not "reasonably have altered the result [previously] reached by the Court...." *Crane Co. v. Harsco Corp.*, 511 F.Supp. 294, 307 (D.Del.1981), *quoting United States v. International Business Machines Corp.*, 79 F.R.D. 412, 414 (S.D.N.Y.1978). Reargument should not be granted where it would merely "allow wasteful repetition of arguments already briefed, considered and decided." *Weissman v. Fruchtman*, 124 F.R.D. 559, 560 (S.D.N.Y.1989); *see also Samuel M. Feinberg Testamentary Trust v. Carter*, 664 F.Supp. 140, 142 (S.D.N.Y.1987); *Ashley Meadows Farm v. Am. Horse Shows Ass'n*, 624 F.Supp. 856, 858 (S.D.N.Y. 1985).[1] Furthermore, the reargument mechanism afforded by Local Rule 3.3 should not be used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided. *Weissman*, 124 F.R.D. at 560. Finally, reargument and reconsideration requests "are not a substitute for an appeal from a final judgment." *Weissman v. Fruchtman*, 658 F.Supp. 547, 548 (S.D.N.Y.1987). The procedural mechanism afforded by Local Rule 3.3 should not be undermined to allow for endless debate between the parties and the Court. *Cf. Quaker Alloy Casting v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D.Ill. 1988) ("this Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure").

---

1. The local rule utilized in *Weissman* provides, *inter alia,* that "[t]here shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Civil Rules for the United States District Courts for the Southern and Eastern Districts 3(j). Accordingly, *Weissman* stated that the "only proper ground on which a party may move to reargue an unambiguous order is that the court overlooked 'matters or controlling decisions' which, had they been considered, might reasonably have altered the result reached by the court." *Weissman*, 124 F.R.D. at 560 (citations omitted). Delaware District Court Local Rule 3.3 does not contain the same express limitation.

■ In exercising its discretion in ruling on a motion for reargument or reconsideration, the Court must keep an open mind. Reargument may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Above the Belt,* 99 F.R.D. at 101. Additionally, where the controlling law has been significantly altered, *id. but cf. In re Hackney,* 93 B.R. 213, 215 (Bkrtcy.N.D.Cal.1988) ("a decision cannot be set aside once it is final simply because it is based on legal precedent that is subsequently reversed"), or new factual matters not previously obtainable have been discovered since the issue was submitted to the Court, reconsideration may be appropriate. *Above the Belt,* 99 F.R.D. at 101; *see also Nat. Union Fire Ins. v. Continental Illinois Corp.,* 116 F.R.D. 252, 253 (N.D.Ill.1987); *Weissman,* 124 F.R.D. at 560. While these situations are seldom present, *Above the Belt,* 99 F.R.D. at 101; *Wielgos v. Commonwealth Edison Co.,* 127 F.R.D. 135, 138 (N.D.Ill. 1989), the Court should not hesitate to grant the motion when compelled to prevent manifest injustice or to correct clear error. *Cf. Matarese v. LeFevre,* 801 F.2d 98, 106 (2d Cir.1986), *cert. denied,* 480 U.S. 908, 107 S.Ct. 1353, 94 L.Ed.2d 523 (1987); *Ray v. Lykes Bros. S.S. Co. Inc.,* 626 F.Supp. 120, 123 (E.D.La.1985), *remanded* 805 F.2d 552 (5th Cir.1986).

Thus, Local Rule 3.3 attempts to balance the interests in obtaining a final decision on matters presented to the Court and the recognition that the Court, like all others, is capable of mistake and oversight. *Cf. Federal Deposit Ins. Corp. v. Castle,* 781 F.2d 1101, 1104 (5th Cir.1986).

■ Plaintiff asks this Court to vacate its Order dismissing the complaint, D.I. 29, based on this Court's "mistaken" findings and conclusions. D.I. 30 at 3. First, Plaintiff would conclude that the wrong complained of occurred after Plaintiff acquired its stock. This conclusion is "compelled", argues Plaintiff, both because it alleged that the wrong complained of occurred on December 1, 1989, (when the exchange of stock occurred) and because the Court "incorrectly applied the reasoning and holding" of *Elster v. American Airlines,* 34 Del.Ch. 94, 100 A.2d 219 (1953). D.I. 30 at 3. Second, Plaintiff argues that this Court's "finding that Brambles knew of the wrongdoing when it purchased its shares is improper" due to its inconsistency with the allegations of the complaint and is contrary to the evidence adduced thus far. *Id.* at 7.

With regard to the Plaintiff's claim that the Court's interpretation and application of *Elster* was incorrect, this serves as no basis for reargument. The Court fully considered all of the controlling cases, including *Elster. See, e.g.,* 731 F.Supp. at 648–52. To the extent that Plaintiff asserts distinctions between this case and *Elster,* this Court has thoroughly considered them. For example, in reaching its decision, the Court considered the Plaintiff's allegations that the exercise of the options constituted waste, *see, e.g.,* 731 F.Supp. at 650, 651, that the entire transaction was procured through fraud making it wrongful for the Exceltech shareholders to exercise the options, *see, e.g., id.* at 644, 647, 650, and that it was wrongful for the Ensco directors to permit the transaction to go forward, *see, e.g., id.* at 647–48.

Plaintiff's assertion that this Court "misperceived" the relief sought and the transaction challenged is also rejected. This Court acknowledged that Plaintiff challenged as improper the issuance of Ensco common stock to the Exceltech shareholders on December 1, 1989. *See, e.g.,* 731 F.Supp. at 651. In this Court's opinion, however, the issuance of the Ensco common stock was, by that time, a foregone conclusion since it was fixed by the Exchange/Put Agreement. *See, e.g., id.* at 650, 652. Thus, the Court neither overlooked nor misperceived the relief sought or the transaction of which Plaintiff complains.

The Plaintiff's characterization of this Court's policy conclusion is incorrect. The Court said:

As a matter of policy, one who buys shares with knowledge of a purported wrongdoing should not be permitted to

bring suit to challenge that wrongdoing. *FMC Corp.*, C.A. No. 6889 at 5–7. While Brambles may complain that they could not have known that the Exceltech merger and the Exchange/Put Agreement were a bad deal until they became a stockholder and did a "books and records" inspection, the fact remains that by the time Brambles had purchased its stock the merger had occurred and Brambles could have conducted a more stringent inquiry prior to purchasing its large equity stake in Ensco.

731 F.Supp. at 652. Clearly, this is not inconsistent with Plaintiff's well pleaded allegations which the Court accepted as true. *Id.* at 644 n. 1. In fact, when asked at oral argument by the Court, counsel for the Plaintiff represented that the option contract and its attendant consequences were disclosed to Plaintiff when it negotiated its purchase agreement. The Court merely found that the Plaintiff was fully aware of the merger and its terms at the time it purchased its interest in Ensco. This policy statement only served to coincide with the Court's determination that the transaction of which Plaintiff complains was fixed prior to the time Plaintiff acquired its interest in Ensco.