**Clara ZVEITER, Plaintiff,**

v.

**BRAZILIAN NATIONAL SUPERINTENDENCY OF MERCHANT MARINE and Lloyd Brasileiro, Defendants.**

No. 92 Civ. 3548 (SS).

United States District Court,
S.D. New York.

Dec. 8, 1993.

**112**

Shustak Jalil Sanders & Heller by Gayle S. Sanders, New York City, for plaintiff.

Milbank, Tweed, Hadley & McCloy by Eugene F. Farabaugh, New York City (John W. Dean, Charles E. Dropkin, Louis L. Nock, of counsel), for defendants.

### SUPPLEMENTAL OPINION AND ORDER ON RECONSIDERATION

SOTOMAYOR, District Judge.

In an Amended Opinion and Order dated October 8, 1993 ("Opinion"), 833 F.Supp. 1089, I denied the summary judgment motion of defendants Brazilian National Superintendency of Merchant Marine, now known as the Brazilian National Department of Waterway Transportation, and Lloyd Brasileiro. By letter dated October 25, 1993, defendants moved for reargument of their motion, and requested that on reargument summary judgment be granted.

As set out more fully in my Opinion, this action concerns plaintiff Clara Zveiter's claims that she was sexually harassed in the course of her employment as a secretary by defendants. In my Opinion, I explained why the Foreign Sovereign Immunities Act ("FSIA") does not immunize defendants from her claims. Defendants correctly observe that the Opinion was based in large part on the legislative history of the FSIA, and on Zveiter's status as an American citizen. In their motion for reargument, defendants contend that I overlooked Zveiter's concurrent status as a citizen of Brazil, which, they suggest, compels the conclusion that defendants are immune from suit.

Defendants are half correct. I did overlook Zveiter's status as a citizen of Brazil, a fact that was apparently disclosed during her deposition but which was not discussed in any of the briefs nor otherwise brought to my attention prior to this motion. Moreover, this matter is sufficiently significant to warrant reconsideration of the summary judgment motion—the outcome of which depended on Zveiter's status as an American citizen. *See, e.g., Weissman v. Fruchtman,* 124 F.R.D. 559 (S.D.N.Y.1989) (reargument under Local Civil Rule 3(j) appropriate where court overlooked matters which might have altered result reached by court).

I nevertheless conclude that this action falls within the "commercial activity" exception to foreign sovereign immunity. Had Zveiter sought out her employment in Brazil, worked for defendants there, and then moved to the United States, the result might be different. That is not, however, the case before me. Prior to working for the defendants, Zveiter had worked in the United States. She obtained her employment with defendants here, entered into her employment agreement with the defendants here, and worked for them here. The nexus between her American citizenship and the relationship giving rise to this action is far greater than the connection between her concomitant Brazilian citizenship and the employment relationship, and I therefore conclude that the rule governing suits by American civil servants against their foreign employers

governs this case. For the reasons set out at length in the Opinion, this suit falls within the "commercial activity" exception of the FSIA.

*Conclusions*

For the reasons stated above and in my Amended Opinion and Order of October 8, 1993, defendants' motion for reconsideration is **GRANTED** and, upon reconsideration, defendants' motion for summary judgment is again **DENIED** in its entirety. Plaintiff is granted leave to file an amended complaint by December 31, 1993, correcting the defective pleading of subject matter jurisdiction (as delineated in the Opinion) and omitting the claims for relief that have previously been withdrawn.

**SO ORDERED.**