

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2003

# France v. Syngenta Crop

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-4266

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"France v. Syngenta Crop" (2003). *2003 Decisions*. Paper 144.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/144

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT  PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No:  02-4266
_____

JOHN R. FRANCE,

Appellant
v.

SYNGENTA CROP PROTECTION INC.,
a Delaware corporation; KEY TO
RETAIN PLAN, an employee pension
benefit plan; SYNGENTA CROP
PROTECTION INC., Plan Administrator
of Key to Retain Plan

_____

Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 01-cv-00600)
District Judge: Honorable Joseph J. Farnan, Chief Judge

_____

Submitted Under Third Circuit LAR 34.1(a)
on September 5, 2003

Before: SLOVITER, NYGAARD AND ROTH ,  Circuit Judges

(Opinion filed: November 4, 2003)

ROTH, Circuit Judge:

Plaintiff/appellant John France brought suit in the United States District Court for the District of Delaware against Syngenta Crop Protection, Inc.; Key to Retention Plan,(KTR), an employee benefits plan; and Syngenta Crop Protection, Inc., as the Plan Administrator of KTR, seeking payment of a retention bonus under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001. The parties agreed that no facts central to the case were in dispute. Both Syngenta and France filed cross motions for summary judgement. The District Court found for the defendants, denied France's motion for reconsideration, and France appealed.

Zeneca Ag Products, France's former employer, created the KTR to provide two incentives to retain specific employees for a four year period during which Zeneca Ag Products was separated from its parent company and merged into another entity. One benefit of the KTR was a quarterly bonus, the other a retention benefit. To be eligible for the lump sum retention component, a plan participant was required to "remain in Zeneca Ag Products in the IS Group through December 31, 2001." Additionally, "[i]f a plan participant exits the plan for any reason, (i.e., resignation, termination, transfer) prior to the end of the quarter, that individual will not be eligible for the current and all future quarterly and retention component payments." On September 1, 2000, France resigned from Zeneca. He was paid two partial quarterly bonuses after his resignation.

In November, 2000, Zeneca and Novartis AG merged to form Syngenta Crop Protection, Inc. Syngenta, as successor to Zeneca Ag Products, amended the KTR to

allow former Zeneca employees, who were still with Syngenta but who were not offered continued employment at Syngenta, to recover a prorated share of their retention bonus.

France claims on appeal that the District Court erred in finding that continued employment was a requirement of being a plan participant and that France was not eligible for a retention bonus. France also contends that improper amendment nullified the underlying continued employment condition.

We have jurisdiction of this appeal pursuant to 28 *U.S.C.* § 1291. We exercise plenary review of a District Court's grant of summary judgement. We will affirm the district court's decision "if there is no genuine issue of material fact and the moving party is entitled to judgement as a matter of law." *Mushalla v. Teamsters Local No. 863 Pension Fund*, 300 F.3d 391, 395 (3d Cir. 2002) (quoting *Smith v. Hartford Ins. Group*, 6 F.3d 131, 135 (3d Cir. 1993)); *see also Pi Lambda Phi Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441 n.3 (3d Cir. 2000). We review a denial of a motion for reconsideration through an abuse of discretion standard. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985).

The plain language and intent of the KTR requires that a plan participant be employed in the IS group of Astra Zeneca (or its successor). The KTR specifically states that a plan participant who resigns, is terminated, or transfers has exited the plan. The District Court did not err in coming to this conclusion.

Following France's resignation and the merger of Zeneca Ag Products into Syngenta, the KTR was amended to allow current plan participants to receive a portion of

their retention bonuses even if they were not asked to remain employees after the merger. Because France had resigned before the plan's amendment, he was not entitled to receive the retention bonus under the amendment. Moreover, the District Court properly found that the requirement of continued employment was not waived because of the amendment.

France also argues that the plan was not properly amended and in the alternative that, because KTR payments were made to other employees under the amended plan, the requirement of employment through 2001 was rendered moot. These issues were raised in the District Court only in the motion for reconsideration. The District Court did not err in denying a motion for reconsideration which raises new matters for the first time. *See*, *e.g.*, *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del.1990). Furthermore, issues which have not been properly raised before the district court will only be considered on appeal under exceptional circumstances. *See Altman v. Altman,* 653, F.2d 755, 758 (3d Cir. 1981). No exceptional circumstances exist here and for that reason we will not consider these issues.[1] France's final argument that Zeneca Ag Products was not in existence as of December 31, 2001, and thus the provision requiring employment through that date is moot, was also not addressed in the District Court and will not be considered here. *Id*.

For the reasons stated above, we will affirm the judgment of the District Court.

---

[1]We note moreover that, if we should hold that the amendment was invalid, the KTR would revert to its original terms. France's claim would then be barred by the plan's clear language.

_____

TO THE CLERK:

    Please file the foregoing Opinion.


                By the Court,


                  /s/ JANE R. ROTH
                  Circuit Judge