CLD-180                 **NOT PRECEDENTIAL**

## UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT
_____

No. 25-1958
_____

WILLIAM JOSEPH WEBB, JR.,
Appellant

v.

GOVERNOR RUTH ANN MINNER; DIRECTOR JAIME H. RIVERA, D.H.S.S.;
CHIEF MARVIN NETWON, City Plumbing Inspector; WARDEN RAFAEL
WILLIAMS; COMM. STANLEY W. TAYLOR; SUPERVISOR PAUL PACECO;
JANE DOE(S); JOHN DOE(S); CORRECTIONAL MEDICAL SERVICES;
SHERESE CARR, Warden

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1:06-cv-00734)
District Judge: Honorable Colm F. Connolly

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 10, 2025
Before: KRAUSE, PHIPPS, and SCIRICA , Circuit Judges

(Opinion filed: August 22, 2025)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

William Webb, Jr., appeals pro se from a District Court order denying his motion to reinstate his case. We will summarily affirm because the appeal presents no substantial question.

Webb filed his original complaint in December 2006, and his operative amended complaint in May 2007. In October 2007, the District Court dismissed five defendants from the case with prejudice, while allowing the case to proceed against the remaining defendants. In April 2010, the District Court dismissed all but one defendant from the case without prejudice for failure to prosecute. The District Court then dismissed Webb's entire complaint for failure to prosecute and closed the case in May 2010.

In January 2025—almost 15 years after the action had been dismissed—Webb filed a motion to reinstate his case in the District Court. Webb alleged that he had newly discovered evidence that proved he had been injured by lead contaminated water while a state prisoner in 1998, although he did not provide such evidence. The District Court, construing Webb's motion alternatively as a motion for relief under Federal Rule of Civil Procedure 60(b), a motion for reconsideration, alteration, or amendment under Federal Rule of Civil Procedure 59(e), and a motion for reargument pursuant to Delaware District Court Rule 7.1.5, denied the motion on April 29, 2025. Webb timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the denial of motions made under Rule 59(e) and 60(b) and motions for reargument for abuse of

2

discretion.  See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999); Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008); Jilin Pharm. USA, Inc. v. Chertoff, 447 F.3d 196, 199 n.4 (3d Cir. 2006).  We may summarily affirm if the appeal fails to present a substantial question.  See 3d Cir. L.A.R. 27.4.

We discern no abuse of discretion in the District Court's order.  Motions for relief from judgment under Rule 60(b) "must be made within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  Webb's motion was not.  As the District Court noted, Webb's motion to reinstate his case came almost fifteen years after the dismissal and presented no facts or legal arguments justifying the delay.  See Moolenaar v. Gov't of V.I., 822 F.2d 1342, 1348 (3d Cir. 1987).  Moreover, the few facts and allegations Webb did assert failed to satisfy any of the grounds for relief under Rule 60(b).  See id. at 1345-46.

Nor did the District Court abuse its discretion when it declined to reconsider or alter or amend its judgment in response to Webb's motion.  Such a motion must be filed within 28 days of the underlying order, see Fed. R. Civ. P. 59(e), and, in any event, reconsideration is only available in limited circumstances, see Quinteros, 176 F.3d at 677.  As the District Court noted, Webb's motion failed to present any grounds that warranted reconsideration, alteration, or amendment of the District Court's 2010 dismissal order.  See id.; Lazaridis v. Whemer, 591 F.3d 666, 669 (3d Cir. 2010).

Finally, the District Court did not abuse its discretion by denying reargument on the case in response to Webb's motion.  A grant of reargument under District of

3

Delaware Local Rule 7.1.5 is also only available in limited circumstances, see Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1241 (D. Del. Apr. 23, 1990), and as the District Court noted, Webb failed to establish any of those circumstances existed in regard to the 2010 order of dismissal, see id.

Accordingly, the District Court did not abuse its discretion in denying Webb's motion, and we will summarily affirm the District Court's judgment.