**ABOVE THE BELT, INC.**

v.

**MEL BOHANNAN ROOFING, INC.**

**Civ. A. No. 83–0202–R.**

United States District Court,
E.D. Virginia,
Richmond Division.

Sept. 1, 1983.

Frederick W. Beck, III, Michael H. Gladstone, Seawell, Dalton, Hughes & Timms, Richmond, Va., for plaintiff.

Albert M. Orgain, IV, Henry M. Massie, Jr., John A. Conrad, Sands, Anderson, Marks & Miller, Richmond, Va., for defendant.

## ORDER AND OPINION

WARRINER, District Judge.

Plaintiff on 5 April 1983 filed a complaint against defendant. The plaintiff is a lessee and occupant of premises owned by a third party. Plaintiff alleged in the complaint that extensive water damage was caused to plaintiff's property as a result of defendant's faulty repairs to the roof of the leased premises. It sought damages, *inter alia,* as an alleged third party beneficiary of the contract of repair.

On 18 April 1983 defendant filed a motion to dismiss the breach of warranty claim contained in plaintiff's complaint. Defendant's brief in support of his motion argued the law as understood by defendant. It contended that in order for an implied breach of warranty right to arise there is a requirement of privity of contract. Defendant relied on *Gravely v. Providence Partnership,* 549 F.2d 958 (4th Cir.1977). Plaintiff in a memorandum filed 27 April 1983 opposed defendant's motion to dismiss. The plaintiff argued that *Gravely v. Providence Partnership, supra,* should be limited to its facts and thus limited stood for the principle that privity is essential when the service is performed by an architect, or, plaintiff suggested, perhaps a lawyer or doctor, but not otherwise. Specifically, plaintiff argued that privity is not required with a roofer.

This Court entered an order on 6 July 1983 denying defendant's motion to dismiss the breach of warranty claim. The Court reasoned that while privity is required to support a claim based on implied warranty respecting a service contract, privity is not required when the contract provides for the sale of goods. Thus the motion could not be finally resolved until it was first determined whether the contract provided for the sale of goods or for the sale of services.

On 15 July 1983 plaintiff filed an "exception" to the Court's order denying defendant's motion to dismiss and also filed a "motion to reconsider." Plaintiff "excepted" specifically to that portion of the Court's order which stated, "The motion to dismiss as to the warranty claim cannot be granted until the question of whether goods or services were exchanged is settled." Plaintiff asked the Court to "reconsider" this sentence in the order.

Defendant, quite naturally, agreed with plaintiff that the Court should reconsider its refusal to grant defendant's motion to dismiss—but for different reasons.

The Court will deal first with plaintiff's "exception" and then with the "motion to reconsider."

### I

Rule 46 of the Federal Rules of Civil Procedure makes the noting of formal exceptions to rulings or orders of the Court unnecessary. The rule stands as promulgated in 1937. It states:

> Formal exceptions to rulings or orders of the court are unnecessary; but for all purposes for which an exception has heretofore been necessary it is sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the court the action he desires the court to take or his objection to the action of the court and his grounds therefor; and, if a party has no opportunity to object to a ruling or order at the time it is made, the absence of an objection does not thereafter prejudice him.

Before the enactment of Rule 46 a failure to except to a ruling of the Court resulted in most jurisdictions with a loss of a right to appeal on the basis of error of the trial court with respect to that ruling. It served as a cautionary note to the trial court that the party excepting thought error had been committed. The court, thus alerted, might see the error and correct it. In time, the practice became a formality. It was voiced

at every ruling of the trial court and lost its impact. Yet it remained as a bar to an appeal if omitted.

Today the former practice of taking exception is replaced by the more sensible practice set forth in Rule 46. The Rule only requires that a party make known to the Court the ruling it desires and the grounds therefor. No magic words or phrases are required. The words "exception" or "objection" need not be uttered.

Plaintiff by its brief in opposition to defendant's motion to dismiss had set forth its desires as to defendant's motion. It opposed the motion on the grounds set forth in its brief. The requirements of Rule 46 thus were met. Hence plaintiff's exception to the opinion or any part thereof was superfluous and is STRUCK.

## II

Plaintiff has also misused the pleading plaintiff has called a motion for reconsideration. Though there is no such motion mentioned in the Federal Rules of Civil Procedure, the motion is not uncommon in federal practice. Reconsideration, as generally used is a reconsideration by the same court by which the original determination was made. In *Belmont v. Erie Ry. Co.,* 52 Barb. 637, 639 (N.Y.App.Div.1869) Judge Cardozo (later Justice) commented specifically on the importance of the motion to reconsider. He hypothesized a motion, clearly ripe, correctly decided by the trial court on the facts before it. What, Judge Cardozo asked, of the defeated party who acquires favorable evidence after the ruling:

> Can it be that he is remediless? An appeal will not aid him, for that must be heard upon the papers on which the motion was decided.... A grievous wrong may be committed by some misapprehension or inadvertence by the judge for which there would be no redress, if this power did not exist.

*Id.* at 641.

It is clear, then, that there are circumstances when a motion to reconsider may perform a valuable function. In this case no function at all, other than reiteration, was served by the motion.

Plaintiff asked the Court to reconsider that portion of the 6 July 1983 opinion which dealt with the legal significance, with respect to implied warranties absent privity, in the sale of goods *vice* the sale of services. In so doing, plaintiff simply reargued its previous argument. Perhaps its new brief was better than its former brief but that is not significant. Plaintiff improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought through—rightly or wrongly.

The motion to reconsider would be appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

The motion to reconsider filed by plaintiff, being outside the proper scope of such motion, is DISMISSED.

And it is so ORDERED.