Faustino CALDERON, Petitioner,

v.

Janet RENO, as Attorney General of the United States, Doris Meissner, as Commissioner of the Immigration & Naturalization Service, and Brian Perryman, in his capacity as District Director of the Immigration and Naturalization Service, Respondents.

No. 98 C 552.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 25, 1999.

---

1. We think it clear that plaintiff's claims relate to procedural, not substantive, due process. Plaintiff had a full hearing. It complains that some procedures were wrong and others were not sufficiently developed.

998

Royal F. Berg, Chicago, IL, for petitioner.

James G. Hoofnagle, United States Attorney's Office, Chicago, IL, for respondents.

### MEMORANDUM AND ORDER

MORAN, Senior District Judge.

Faustino Calderon ("Calderon") petitioned this court for a writ of habeas

1. United Nations Convention Against Torture and other Cruel, Inhuman, or Degrading Treatment or Punishment, adopted by unanimous agreement of the U.N. General Assem-

corpus on January 28, 1998, seeking to overturn a final order of deportation. Concluding that we had subject matter jurisdiction over Calderon's petition pursuant to 28 U.S.C. § 2241, we nonetheless dismissed both of his claims. *Calderon v. Reno*, 1998 WL 867413 (N.D.Ill. Dec.3, 1998). We found that he had waived any claim regarding an improper denial of discretionary relief when he failed to raise the issue before the Board of Immigration Appeals. His failure to exhaust administrative remedies deprived this court of jurisdiction over the claim. *See* 8 U.S.C. § 1105a(c). We further held that we had no jurisdiction to consider Calderon's claims under the United Nations Convention Against Torture[1] because the U.S. ratification documents made clear that the Treaty was not intended to be self-executing. Calderon has now filed a motion to reconsider, asking the court to grant the petition for Writ of Habeas Corpus or, alternatively, to "hold these proceedings in abeyance" until new federal regulations are promulgated regarding the return or extradition of individuals who may be subject to torture in their country of origin. *See* Pub. L.No. 105–277, § 2242, Omnibus Appropriations Bill for FY 1999 (directing the heads of agencies to prescribe regulations to implement the obligations of the of the United States under Article 3 of the Convention Against Torture).

A motion to reconsider, more accurately called a motion to alter or amend a judgment, serves the limited purpose of allowing a court to correct manifest errors of law or fact. *Publishers Resource, Inc. v. Walker–Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985); Fed.R.Civ. Proc. 59. A motion to reconsider should be used neither to introduce new evidence that was available during the original consideration nor to introduce new legal theories. *Id.* The motion is proper "where the

bly, G.A. Res. 39/46, 39 U.N. GAOR Supp. No. 51 at 197, U.N. Doc. A/RES/39/708 (Dec. 10, 1984), entered into force as to the United States Nov. 20, 1984, signed April 18, 1988.

Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir.1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)).

■ Calderon has not presented any "significant" new factual evidence that would lead us to reconsider our earlier decision. The controlling law, however, has changed and it now works to deprive this court of jurisdiction over Calderon's petition altogether. As respondents indicate, we had concluded that under the Supreme Court's decision in *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996), statutory habeas corpus jurisdiction under 28 U.S.C. § 2241 was not repealed by recent immigration reform legislation. We agreed with several of the circuit courts that immigrants whose deportation proceedings fell within the time frame governed by the transitional rules retained the right to seek collateral review in the district courts. *See, e.g., Goncalves v. Reno*, 144 F.3d 110, 121 (1st Cir.1998); *Henderson v. INS*, 157 F.3d 106, (2d Cir.1998). Three weeks after our decision, however, the Seventh Circuit rejected this interpretation when it reversed Judge Conlon's identical conclusion. *LaGuerre v. Reno*, 164 F.3d 1035, 1998 WL 912107 (7th Cir.(Ill.)), reversing *Avelar Cruz v. Reno*, 6 F.Supp.2d 744 (N.D.Ill. 1998). Without discussing which set of rules should be applied to aliens like Avelar–Cruz or Calderon, whose deportation proceedings fall within the transitional regime established by IIRIRA § 309(c)(4), the court concluded that § 440(a) of the AEDPA deprives the district courts of habeas jurisdiction with respect to any alien who has been convicted of the enumerated crimes. The court interpreted the INA amendments to permit aliens to bring constitutional challenges to their detention only in the courts of appeals by means of a petition for review. The court adopted this construction—despite the general bar to petitions for review in the AEDPA—because there is a "presumption that executive resolutions of constitutional issues are judicially reviewable." *Id.*, 164 F.3d 1035, 1998 WL 912107 at *7. The Eleventh Circuit adopted a similar position the same day. *Richardson v. Reno*, 162 F.3d 1338, 1357–1358 (11th Cir.1998). While we wait for the Supreme Court to resolve this important conflict, we are bound by the Seventh Circuit's directive and find that we do not have subject matter jurisdiction over Calderon's petition.

Calderon argues that the *LaGuerre* court left the door slightly ajar when it noted that "if for reasons beyond the alien's control he could not have raised his substantial constitutional issue in [the court of appeals] directly under section 440(a), he may be able to proceed in the district court under 28 U.S.C. § 2241." *Id.* at 1040. Calderon, however, is not one of the "rare" cases that may slip through this narrow exception. His petition for habeas corpus wholly failed to make a case for a due process or equal protection violation. Moreover, even if Calderon had timely brought his Convention Against Torture claim before the court of appeals, it would have been rejected for the same reasons we gave in December: the treaty was not intended to be self-executing and Congress has not given the federal courts jurisdiction over individuals seeking to invoke its protective provisions. The forthcoming regulations issued by "the heads of appropriate agencies" cannot change this, for only Congress can expand or contract the jurisdiction of the federal courts. U.S.Const.Art. I § 8, cl.9.

Accordingly, the motion for reconsideration is denied and the petition for habeas corpus is dismissed in its entirety.