**Maria NAVARRO, Plaintiff,**

v.

**UIC MEDICAL CENTER, Defendant.**

No. 01 C 3596.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 13, 2001.
Order Denying Reconsideration
in Part Sept. 24, 2001.

Jody Pravecek, Cogan & McNabola, P.C., Chicago, IL, for plaintiff.

Edward J. Burke, Mary Patricia Burns, Vincent D. Pinelli, Burke Burns & Pinelli, Ltd., Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER [1]

SHADUR, Senior District Judge.

After Maria Navarro ("Navarro") filed a self-prepared Complaint of Employment Discrimination [2] against her employer that she designated as "UIC Medical Center," this Court promptly appointed this member of the trial bar to represent Navarro pro bono publico:

Jody Pravecek
Cogan & McNabola P.C.
55 West Wacker Drive, 9th Floor
Chicago IL 60601
312.629.2900

After service of the Complaint and summons, defense counsel Vincent Pinelli, Esq. ("Pinelli") requested and was granted an extension of time to answer or otherwise plead to the Complaint, having advanced several reasons that added time was needed.

Now defense counsel Pinelli has served notice of the proposed presentment of a motion to dismiss the Complaint, coupled with an accompanying memorandum of law. Not only has that violated a fundamental rule by having been served on Navarro alone rather than her lawyer (can it be that defense counsel failed to check the court file?), but the motion's most fundamental attack on the Complaint is without support in the law. Accordingly, the motion to dismiss under Fed.R.Civ.P. ("Rule") 12(b)(6) is denied, the Board of Trustees of the University of Illinois ("Board of Trustees") is substituted as defendant in this action, and it is ordered to file an answer to the Complaint in this Court's chambers (with a copy served on Navarro's counsel) on or before September 21, 2001.

It should be made clear at the outset that pro se plaintiff Navarro's mistaken (but understandable) error in naming the correct defendant is not fatal. It is quite true that the Medical Center is not a suable entity as defense counsel asserts, but Rule 15(c) expressly permits the making of a change to name the proper party defendant, and that same Rule provides for relation back of that change to the date of Navarro's original Complaint. This Court is simply treating the Complaint sua sponte as having been amended by substituting the already-mentioned Board of Trustees for UIC Medical Center wherever the latter name appears.

---

**1.** This opinion had been dictated early in the morning (before the opening of court) on September 11, in the anticipation that it would be transcribed and delivered to counsel later the same day. When the tragic events of that morning caused the closing of the federal courts here at 9:30 a.m., with the courts then remaining closed on September 12, the transcription and delivery have been delayed to September 13. That however is sufficient time to head off counsel's appearance in court for the proposed presentment of the motion dealt with in the text.

**2.** To be more precise, Navarro used the pre-printed form supplied for pro se litigants by this District Court's Clerk's Office, filling in the blanks in handwriting.

■ To turn to the substantive challenge to Navarro's Complaint, defense counsel seeks to invoke Eleventh Amendment immunity as the basis for dismissal. Although *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) has held that the extension of the Age Discrimination in Employment Act to state governments could not override Eleventh Amendment immunity and *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) has ruled the same way as to the Americans with Disabilities Act, those holdings do *not* extend to Navarro's claims, which are brought under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981—assertions of employment discrimination based on her color, sex and national origin. Indeed, both of those decisions refer expressly to the quarter-century-old decision in *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), which *upheld* the constitutionality of Title VII against an identical Eleventh Amendment attack, as still-existing precedent totally distinguishable from the different types of employment discrimination at issue in the more recent cases (see *Kimel*, 528 U.S. at 80, 120 S.Ct. 631 and *Garrett*, 121 S.Ct. at 962).[3]

It may be that the crabbed view of the Fourteenth Amendment displayed by the five-Justice majority in *Kimel* and *Garrett* may one day overrule *Fitzpatrick*, thus gutting that Amendment sufficiently to undo the salutary effects of Title VII against impermissible discrimination by States and their institutions. But that date fortunately has not yet arrived.[4] Until then, claims such as Navarro's will remain viable. As stated earlier, the Rule 12(b)(6) motion is denied, and the Board of Trustees is ordered promptly to file its answer to Navarro's Complaint on the previously-stated timetable.

## MEMORANDUM OPINION AND ORDER ON RECONSIDERATION

This Court's September 13, 2001 memorandum opinion and order ("Opinion")[1] rejected the then-tendered effort of counsel for the Board of Trustees of the University of Illinois ("Board of Trustees")[2] to dismiss, on Eleventh Amendment immunity grounds, both the Complaint of Employment Discrimination and this action brought against it by its ex-employee Maria Navarro ("Navarro"). Nothing daunted, Board of Trustees' counsel has now served notice of the proposed presentment of a motion for reconsideration and—once again—a supporting memorandum of law,

---

**3.** It is worth noting that *Fitzpatrick* was written for the Court by then Justice (now Chief Justice) Rehnquist, who has since authored *Garrett* and was part of the five-Justice majority in *Kimel*.

**4.** If the Board of Trustees had retained the Attorney General's Office, the State's chief counsel, to represent it, that office would surely have been expected to know that the Supreme Court has held precisely the opposite of what the current motion has urged. And the choice of private counsel in no way lessens the obligation to know the law that has been firmly entrenched for so long, and that has actually been reconfirmed in two recent decisions that have expanded the reach

of the Eleventh Amendment in substantively different contexts.

**1.** As Opinion 1 n. 1 reflected, it had originally been dictated early in the morning on September 11, but its transcription was delayed by the tragic events of that morning.

**2.** Because this action had originally been filed pro se by Navarro, the Complaint had understandably named "UIC Medical Center" (which Navarro believed to have been her former employer) as defendant. In part Opinion 2–3 addressed that erroneous designation sua sponte and ordered Board of Trustees to be substituted as the proper defendant.

though in this instance the memorandum is far more extensive than the one submitted earlier.

■ What Board of Trustees' counsel has identified in that current filing is not any claimed misapprehension on the part of this Court as to the issues involved, but rather a disagreement with this Court's holding that neither *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000) nor *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 148 L.Ed.2d 866 (2001) (nor any other case, for that matter) undercuts the continuing viability of *Fitzpatrick v. Bitzer*, 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), which *upheld* the constitutionality of Title VII against an identical Eleventh Amendment attack (accord, *Liberles v. County of Cook*, 709 F.2d 1122, 1135 (7th Cir.1983); cf. *United States v. City of Chicago*, 573 F.2d 416, 423 (7th Cir.1978)). Because such a substantive disagreement is not a proper ground for a motion to reconsider (in which respect the felicitous explanation in *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983) has been reconfirmed by opinions of this Court and—more importantly—of our Court of Appeals too often to require citation), this opinion might well stop by simply denying the motion for reconsideration on that procedural ground alone.

But Board of Trustees' counsel explains (Mem. 2) that the motion is advanced to avoid the prospect of waiver that had defeated a like Eleventh Amendment argument in *Varner v. Illinois State Univ.*, 226 F.3d 927, 936–37 (7th Cir.2000). So this opinion will go on to address the merits for a second time.

Whatever this Court's view may be of the contraction of previously understood congressional power by a five-Justice majority in *Kimel* and *Garrett*, it is of course duty bound to conform to those authorities—and it will (equally of course) do so wherever they apply. But as Opinion 3 pointed out (albeit succinctly), those opinions have themselves expressly reconfirmed the continuing authority of *Fitzpatrick*. And what Board of Trustees' counsel has ignored entirely is that the doctrine that requires legislation that bars age-based and disability-based discrimination to be subjected to rational-basis review does *not* extend to the very different jurisprudential yardstick that applies to discriminatory governmental conduct that is based on race or gender (see *Kimel*, 528 U.S. at 83–84, 120 S.Ct. 631), as to which types of discrimination Section 5 of the Fourteenth Amendment provides solid underpinning for Title VII.

Indeed, the position that this Court marked out in the Opinion—firmly grounded as it was in still-controlling United States Supreme Court precedent—has been further buttressed by a decision from our Court of Appeals that came down just two weeks ago. In one of the particularly fortuitous instances of serendipity that judges encounter with surprising frequency, this week's issue of *United States Law Week* arrived in this Court's chambers on the very same day as Board of Trustees' current notice of motion. And that issue (70 U.S.L.W. 1153) carries a report of the opinion in *Cherry v. University of Wis. Sys. Bd. of Regents*, No. 00–2435, 2001 WL 1028282, at *6–*8 (7th Cir. Sept. 7), which bears directly on the issue here.[3]

---

**3.** At the time that this Court dictated the Opinion, *Cherry* had not yet reached the reproduction stage of the electronic services so as to be capable of recapture via a Westlaw search, nor had the weekly packet of Seventh Circuit opinions that would have included the *Cherry* slip opinion been delivered to this Court's chambers. In any event, the opinion

As stated in the preceding paragraph, *Cherry* reconfirms the substantive conclusion reached by this Court in the Opinion, thus calling for the swift denial of the principal part of Board of Trustees' current motion for reconsideration. There is however one respect in which that motion must be granted. That has to do with the fact that pro se litigant Navarro had checked the "Yes" box in the printed Complaint form's Paragraph 10, which reads:

> The plaintiff is suing the defendant, a state or local government agency, for discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

In that regard Board of Trustees is right in invoking the teaching of *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) that the State of Illinois (and hence Board of Trustees) is not a "person" within the meaning of Section 1983. So to the extent that Navarro would hope to call on Section 1983 as an added predicate for relief, she must fail.

Accordingly Board of Trustees' motion for reconsideration is denied, except to the extent that it challenges any attempted claim by Navarro under Section 1983, which claim is dismissed. Board of Trustees is once again ordered to file an *answer* to the Complaint (as so limited) in this Court's chambers, with a copy to be served on Navarro's counsel, on or before October 1, 2001.

is now readily available to any researcher, and it is troubling that Board of Trustees' otherwise thorough memorandum of law reflects no awareness of its existence. After all, a Westlaw or LEXIS search of cases citing *Kimel* or *Garrett* would immediately have turned up *Cherry* —and any lawyer preparing a legal memorandum is expected to conduct such a search of any cases that he or she cites.