**ROCHE DIAGNOSTICS CORPORATION, Plaintiff,**

**v.**

**BAYER CORPORATION, Defendant.**

**No. IP 00–C–1103–M/S.**

United States District Court, S.D. Indiana, Indianapolis Division.

Jan. 10, 2003.

Donald Knebel, Peter J. Rusthoven, Barnes & Thornburg, Indianapolis, IN, for Roche Diagnostics Corp.

Theresa M. Gillis, Jones Day Reavis & Pogue, New York, NY, Linda Pence, Sommer Barnard Ackerson PC, Indianapolis, IN, for Bayer Corp.

Peter B. Ellis, Foley Hoag, LLP, Boston, MA, for Inverness Medical, Inc.

## *ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON SUMMARY JUDGMENT*

McKINNEY, Chief Judge.

This cause is now before the Court on the defendant's, Bayer Corporation ("Bayer"), motion to reconsider the Court's order granting summary judgment to the plaintiff, Roche Diagnostics Corporation ("Roche"), on Bayer's defense of invalidity on the basis of anticipation of U.S. Patent Re 36,268 (" '268 patent"). Specifically, the Court ruled on summary judgment that there was no issue of fact on whether the inventors had disclosed the "best mode" for practicing the claimed invention when they filed the original application on March 15, 1988; the Court determined that March 15, 1988, was the filing date of the '268 patent. Bayer asserts that this date is critical for determining whether an article published by one of the inventors in February 1988 is prior art that should be considered by the jury in its analysis of anticipation and/or obviousness and in its analysis of Bayer's inequitable conduct defense.

Roche has asserted that the issue is moot because it is no longer asserting claims that date back to the original filing date and it will accept an effective filing date of March 1989 for the claims at issue.

For the reasons discussed herein, the Court finds that the defendant's motion for reconsideration of the Court's order on summary judgment should be **GRANTED**. The Court finds that Bayer has evidenced a material question of fact on whether the inventors disclosed the best mode for their invention in the original March 1988 application. This question creates a material question of fact on the proper scope of the prior art for purposes of Bayer's defense and counterclaim of invalidity and its defense of inequitable conduct. For these reasons, the **portion** of the Court's Order on Summary Judgment Motions regarding "best mode" and anticipation should be **VACATED**. Furthermore, Roche's motion for summary judgment on Bayer's defense and counterclaim of anticipation should be **DENIED**.

## I. *FACTUAL & PROCEDURAL BACKGROUND*

In defending a challenge from Roche on summary judgment that there were no genuine issues of material fact on whether the '268 patent was either anticipated or made obvious by prior art references, Bayer asserted that because the inventors had not disclosed the best mode for practicing the invention until March 13, 1989, that

date is the effective filing date of the patent. Bayer presented evidence that tended to show that inventor Jonathan Talbott ("Talbott") believed that the original patent application, filed on March 15, 1988, had not disclosed the best mode for practicing the invention because it did not suggest using palladium for both electrodes to achieve the best results. This reference was added to the subsequent application filed on March 13, 1989.

In addition, Bayer argued that because Roche had presented no evidence of an earlier invention date, for purposes of determine whether certain references were prior art pursuant to 35 U.S.C. §§ 102(a), (f), and (g), and 103, the jury should use the date March 13, 1989. Bayer's Mem. in Opp'n to Roche's Mot. for Summ. J., at 20–22 ("Bayer's Mem. in Opp'n"). Based on that priority date, Bayer argued that an article written by the inventors, Talbott and Joseph Jordan ("Jordan"), published in the *Microchemical Journal* in February 1988, was admissible as prior art to the '268 patent.

Roche asserted, in part, that the original filing date of March 1988 was correct because Talbott was not named in the original patent; his name was added to the March 1989 application and the suggestion of using palladium electrodes was added at that time. In effect, Roche asserted that the best mode of the March 1988 invention was adequately captured.

The Court ruled that Bayer's argument about the priority date for the '268 patent was without merit. Order on Summ. J. Mots., Nov. 26, 2002, at 44. In making that ruling, the Court relied, in part, upon Roche's assertion that Talbott was not named as an inventor on the original 1988 patent. *Id.* Based on this finding, the Court did not consider the February 1988 *Microchemical Journal* article as a prior art reference. After making this determination, the Court found that Bayer had

failed to evidence a material question of fact on whether the '268 patent was anticipated and granted summary judgment on that issue to Roche. *Id.* at 45.

Bayer timely filed its motion to reconsider the Court's ruling on summary judgment. It asserts that the Court was in error when it decided as a matter of law that the inventors had disclosed the best mode for the invention in their first application in March 1988. Furthermore, Bayer asserts that as a result the Court granted summary judgment to Roche on Bayer's defense of anticipation in error.

In opposition to Bayer's motion to reconsider, Roche asserts that it will only assert claims 11, 17, and 46, against Bayer at trial. Therefore, only the filing date of March 1989 is at issue because the autostart feature referenced in those claims did not appear until the continuation-in-part application filed in March 1989. In effect, Roche avers, its admission on this issue moots the question of whether the best mode was disclosed in the March 1988 application. Moreover, Roche argues that it is undisputed that no single reference, including the February 1988, *Microchemical Journal* article discloses all the elements of those claims of the '268 patent.

## II. STANDARD

Motions to reconsider serve a valuable function "where 'the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension[.]' " *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir.1990) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D.Va. 1983)). *Accord Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir.1996); *Matter of Prince,* 85

F.3d 314, 324 (7th Cir.), *cert. denied,* 519 U.S. 1040, 117 S.Ct. 608, 136 L.Ed.2d 534 (1996). The parties may not introduce evidence previously available but unused in the prior proceeding or tender new legal theories. *See Caisse Nationale de Credit Agricole,* 90 F.3d at 1269; *Matter of Prince,* 85 F.3d at 324; *Bally Export Corp. v. Balicar Ltd.,* 804 F.2d 398, 404 (7th Cir.1986). However, new evidence that was unavailable prior to a hearing on the previous motion can be considered. *See Matter of Prince,* 85 F.3d at 324; *Bally Export,* 804 F.2d at 404; *Publishers Res., Inc. v. Walker–Davis Publ'ns, Inc.,* 762 F.2d 557, 561 (7th Cir.1985). The focus in this case will be on whether the Court made a decision outside the adversarial issues presented to it by the parties and/or whether the Court's possible misapprehension of the evidence led to an erroneous conclusion not to consider a piece of evidence.

### III. *DISCUSSION*

■ The Court finds that Roche's argument is without merit that its decision to assert only claims 11, 17, and 46, against Bayer moots Bayer's motion to reconsider. As Bayer points out, it has asserted the issue of invalidity as a counterclaim as well as a defense. Moreover, inequitable conduct is a defense that focuses on all the claims, not only the claims asserted by the plaintiff, and the content of the prior art informs this inquiry in this case. *See Molins PLC v. Textron, Inc.,* 48 F.3d 1172, 1182 (Fed.Cir.1995); *Lummus Indus., Inc. v. D.M. & E. Corp.,* 862 F.2d 267, 274 (Fed.Cir.1988); *J.P. Stevens & Co. v. Lex Tex Ltd. Inc.,* 747 F.2d 1553, 1561–62 (Fed.Cir.1984). Therefore, all the claims of the '268 patent are at issue.

Furthermore, the Court is persuaded that it was in error when it relied upon Roche's assertion that Talbott was not named on the original application filed in March 1988, and therefore did not give Bayer's argument on his testimony adequate deference. Bayer has evidenced a question of fact on whether the original patent application filed in March 1988, which included Talbott as an inventor, disclosed the best mode for practicing the claimed invention. Therefore, there is a question about the effective filing date of the patent. As Bayer points out, the effective filing date of the '268 patent is important because it establishes the date from which prior art is measured if there is no evidence of an earlier invention date. *Loral Fairchild Corp. v. Matsushita Elec. Indus. Co., Ltd.,* 266 F.3d 1358, 1361 (Fed. Cir.2001); *Mahurkar v. C.R. Bard, Inc.,* 79 F.3d 1572, 1576 (Fed.Cir.1996).

■ The Court finds that there is a question of fact on whether the article written by Talbott and Jordan that was published in the *Microchemical Journal* in February 1988 is prior art for purposes of Bayer's defense and counterclaim that the patent is invalid for anticipation and/or obviousness, and Bayer's defense of inequitable conduct. Prior art is defined by 35 U.S.C. § 102. That section describes prior art in terms of comparison to the invention date or the application date. *See, e.g.,* 35 U.S.C. § 102(a) & (b). Section 103 describes when a patent is rendered obvious by comparing the subject matter of the patent to the prior art at the time of the invention. 35 U.S.C. § 103(a). Bayer asserted at the summary judgment phase that in the absence of evidence that the invention date is prior to the application filing date, the invention date is the effective filing date of an application. Bayer's Mem. in Opp'n, at 20 (citing *Triax Co. v. Hartman Metal Fabricators, Inc.,* 479 F.2d 951, 954 n. 2 (2d Cir.), *cert. denied,* 414 U.S. 1113, 94 S.Ct. 843, 38 L.Ed.2d 740 (1973)). Therefore, the content of the prior art cannot be determined until the jury determines whether the original applica-

tion disclosed the best mode and whether there is evidence of an earlier invention date.[1]

The Court agrees with Bayer's assessment of the issue and finds that the jury must determine the content of the prior art, including the date from which to determine whether a particular reference should be considered prior art under 35 U.S.C. § 102.

The Court's inquiry cannot end there. Bayer has asked the Court to reconsider its ruling on the issue of best mode as it was addressed in the order on summary judgment. As discussed above, that decision influences the content of the prior art for purposes of determining whether the '268 patent is invalid for anticipation or obviousness. Further, in its reply brief, Bayer asserts that if it is correct that the best mode was not disclosed in the original application, the Court's decision on anticipation at the summary judgment phase was also incorrect. Bayer's Reply in Support of Its Mot. to Reconsider, at 3. The Court agrees with Bayer that a change in the Court's prior ruling on best mode necessarily affects its ruling on anticipation.

On summary judgment, the Court found that the *Microchemical Journal* article should not be considered as prior art. In addition, the Court found that Bayer had presented no issues of material fact that the invention was anticipated by any prior art; but the Court never considered whether the *Microchemical Journal* article disclosed the elements of the '268 patent claims. Having determined that there is a question of fact on whether the best mode was disclosed in the original patent application filed in March 1988, and subsequently, that there is a question of fact on the content of the body of prior art, the Court must determine whether its decision

to grant summary judgment to Roche on Bayer's defense and counterclaim of anticipation was correct.

▮▮▮ The defense of anticipation "requires that the same invention, including each element and limitation of the claims, was known or used by others before it was invented by the patentee." *Hoover Group, Inc. v. Custom Metalcraft, Inc.,* 66 F.3d 299, 302 (Fed.Cir.1995). *See also MEHL/Biophile Int'l Corp. v. Milgraum,* 192 F.3d 1362, 1365 (Fed.Cir.1999); *C.R. Bard, Inc. v. M3 Sys., Inc.,* 157 F.3d 1340, 1349 (Fed.Cir.1998); *Hupp v. Siroflex of Am., Inc.,* 122 F.3d 1456, 1461 (Fed.Cir. 1997). A challenger cannot prove anticipation "by combining more than one reference to show the elements of the claimed invention." CHISUM ON PATENTS § 3.02. Thus, a prior patent or device must contain all of the elements and limitations in the disputed patent as arranged in the patented device. *See C.R. Bard,* 157 F.3d at 1349; *Hoover Group,* 66 F.3d at 303. But, "a prior art reference may anticipate when the claim limitations not expressly found in that reference are nonetheless inherent in it." *MEHL/Biophile Int'l,* 192 F.3d at 1365. Anticipation is a question of fact, but may be decided on summary judgment if there is no genuine issue of material fact. *Oney,* 182 F.3d at 895.

Roche argues that the *Microchemical Journal* article does not disclose the autostart elements of its remaining asserted claims, claims 11, 17 and 46. Further, Roche asserts that Professor Lowe's report did not disclose the article as an anticipatory reference. Therefore, just as the Court excluded from consideration another undisclosed reference, it should refuse to consider the article for purposes of anticipation here.

---

1. Bayer has filed a motion *in limine* to preclude Roche from entering evidence of an earlier invention date. The Court does not intend to resolve that issue in this order.

In contrast, Bayer argues that the *Microchemical Journal* article was disclosed as an anticipatory reference and discloses each element of the asserted claims. Therefore, the Court's prior analysis that no prior art reference disclosed the element of autostart is incorrect. Bayer Reply in Support of Its Mot. to Reconsider, at 3.

The Court finds that summary judgment in favor of Roche on Bayer's defense and counterclaim of anticipation should have been DENIED because there are questions of fact that preclude summary judgment. Professor Lowe's report states that the *Microchemical Journal* article, among other references, "describe all features of the asserted independent claims" of the '268 patent. Lowe Rep. ¶¶ 55–56. Therefore, it was disclosed as a reference upon which Bayer would rely to assert that, at the very least, the independent claims of the '268 patent were anticipated. Moreover, although Roche avers that claim 17 contains an autostart feature, a close reading of that claim reveals that it does not. In addition to the features of independent claim 12, claim 17 requires that the electrochemical cell contain an enzyme catalyst, and that the analyte is glucose and the enzyme is glucose oxidase. '268 Patent, col. 15, *ll.* 9–15. Claim 12 reads:

> 12. *A method of measuring the amount of an analyte in a blood sample, comprising:*
> a) *adding the blood sample to an electrochemical cell that includes an electron transfer agent that will react in a reaction involving the analyte, thereby forming a detectable species;*
> b) *incubating the reaction involving analyte and electron transfer agent in an open circuit until the reaction has substantially completed;*
> c) *applying a sufficient potential difference between the electrodes of the electrochemical cell, after the incubation step, to readily transfer at least one electron between the detectable species and one of the electrodes, thereby resulting in a Cottrell current;*
> d) *measuring the Cottrell current; and*
> e) *correlating the measured Cottrell current to the amount of analyte in the blood sample.*

*Id.* col. 14, *ll.* 52–67 to col. 15, *ll.* 1–2 (italics in original).

The Court finds that if the jury determines that the *Microchemical Journal* article is proper prior art, its disclosures may anticipate, at a minimum, claim 17 of the '268 patent. The article specifically references the measurement of glucose using glucose oxidase in an electrochemical cell. App. to Lowe Decl., Exh. F, Jonathan Talbott & Joseph Jordan, A New Microchem. Approach to Amperometric Analysis, 37 Mircochem. J. 5, 5 & 8 (1988) ("Talbott & Jordan"). In addition, the article contemplates that the sample specimen would be whole blood or serum. *Id.* The article describes a reaction sequence that takes place once a sample is added to produce hydroquinone, a substance that is readily measurable as described by the first step of claim 12. *Compare id.* with '268 Patent, col. 14, *ll.* 55–58. That reaction proceeds "to virtual completion in the presence of the enzyme glucose oxidase ...." App. to Lowe Decl., Exh. F, Talbott & Jordan, at 5 & 8. *See also id.* at 9–10 (describing the reactions occurring and the time in which the reactions have proceeded to virtual completion). The procedure described by Talbott and Jordan calls for a waiting period of 160 seconds after the fluid sample is added to the electrochemical cell. *Id.* at 8. This is simi-

lar to the step of claim 12 requiring incubation. *See* '268 Patent, col. 14, *ll.* 59–61. Talbott and Jordan also disclose that the method they employed in 1988 required that a "proper potential" be applied and the current recorded. Talbott & Jordan, at 8. The proper potential was disclosed. *Id.* at 9. Similarly, claim 12 requires application of "a sufficient potential difference between the electrodes of the electrochemical cell, ... to readily transfer at least one electron between the detectable species and one of the electrodes ...." '268 Patent, col. 14, *ll.* 62–66.

Furthermore, Talbott and Jordan's article proceeds to explain that determination of glucose is made by measuring Cottrell currents and using the relationship between the Cottrell current and the glucose concentration to determine the level of glucose in a sample. Talbott & Jordan, at 10–12. These disclosures correspond to the steps of the method in claim 12 requiring a resulting "Cottrell current," measurement of that current, and correlation of that current to the concentration of analyte in the blood sample. '268 Patent, col. 14, *ll.* 66–67 to col. 15, *ll.* 1–2.

The Court finds that, based on this reference, Bayer has evidenced a material question of fact on whether at least one of the asserted claims of the '268 patent was anticipated by the Talbott and Jordan *Microchemical Journal* article published in 1988. Furthermore, the underlying factual inquiry about the priority date of the '268 patented invention's claims precludes summary judgment in favor of Roche on this issue.

### IV. *CONCLUSION*

For the reasons stated herein, the defendant's motion for reconsideration of the Court's order on summary judgment is **GRANTED**. The Court finds that Bayer has evidenced a material question of fact on whether the inventors disclosed the best mode for their invention in the original March 15, 1988, application. This question creates a material question of fact on the proper scope of the prior art for purposes of Bayer's defense and counterclaim of invalidity and its defense of inequitable conduct. For these reasons, the **portion** of the Court's Order on Summary Judgment Motions regarding "best mode" and anticipation is hereby **VACATED**. Roche's motion for summary judgment on Bayer's defense and counterclaim of anticipation is **DENIED**.