Steven CARTER, Plaintiff,

v.

Clifford ROBINSON and Andre
Wright, et al., Defendants.

No. 01–73865.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 13, 2003.

Steven Carter, State Prison of Southern Michigan, Jackson, MI, pro se.

Julia R. Bell, Michigan Department of Attorney General, Corrections Division, Lansing, MI, for defendants.

### ORDER DENYING DEFENDANTS' MOTION FOR RELIEF FROM ORDER [18] [1]

TARNOW, District Judge.

On September 30, 2002, this Court adopted in part and rejected in part the Magistrate Judge's Report and Recommendation (R & R). Defendants moved for relief from this Court's Order on November 1, 2002 under Fed.R.Civ.P. 60(b)(6).

A motion under Rule 60(b) seeks relief from a final judgment. It states:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a

---

1. Law Clerk Amy Harwell provided quality research assistance.

prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment . . .

Fed.R.Civ.P. 60(b).

▪ As an initial matter, Defendants are not entitled to relief under Rule 60(b)(6) because they are not seeking relief from a final judgment. *Plaut v. Spendthrift Farm, Inc.*, 514 U.S. 211, 233, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) (Rule "60(b) . . . authorizes courts to relieve parties from a *final judgment* for grounds such as excusable neglect, newly discovered evidence, fraud, or 'any other reason justifying relief. . . .'") (emphasis added). *See also* 11 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure, § 2851 (2d ed. 1995) ("Rule 60 regulates the procedures by which a party may obtain relief from a final judgment."); Fed.R.Civ.P. 60(b)(6) ("any other reason justifying relief from the operation of the *judgment*.") (emphasis added). The Court's September 30, 2002 Order was a partial denial of summary judgment. Since a denial of summary judgment is an interlocutory order requiring further proceedings, it cannot be a final judgment, and relief under Rule 60(b) is not available.

While Defendants may seek reconsideration of interlocutory orders under Eastern District of Michigan Local Court Rule 7.1(g), such a motion must be filed within ten days of the order's entry. The order was entered on September 30, 2002, and Defendants did not file their motion until November 1, 2002. Therefore, their motion, even if construed as one for reconsideration, is untimely and could be denied on those grounds. However, the Court will consider Defendants' grounds on the merits as if the motion had been timely presented.

▪ The Eastern District of Michigan Local Court Rules recite the grounds for reconsideration motions as follows:

Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L.R. 7.1(g)(3). *See also Glendon Energy Co. v. Borough of Glendon,* 836 F.Supp. 1109, 1122 (E.D.Pa.1993), *citing Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985) ("The rationale for a motion for reconsideration is to 'correct manifest errors of law or fact or to present newly discovered evidence.'"); *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.* 99 F.R.D. 99, 101 (E.D.Va. 1983) ("A motion for reconsideration 'addresses only factual and legal matters that the Court may have overlooked. . . .'" It is improper on a motion for reconsideration to "ask the Court to rethink what [it] had already thought through—rightly or wrongly."). Courts will generally entertain a motion for reconsideration only "when there has been an intervening change in the controlling law, when new evidence has become available, or when there is a need to correct a clear error or prevent manifest injustice." *NL Industries, Inc. v. Commercial Union Ins. Co.,* 65 F.3d 314, 324 n. 8 (3rd Cir.1995).

▪ Defendants' motion seeks relief on two main grounds. The first, that Plaintiff's original complaint should be dismissed for both failure to state an Eighth Amendment claim and for failure to exhaust his administrative remedies, has already been considered and rejected by this Court (and the Magistrate Judge in his Report and Recommendation). This Court will not grant reconsideration motions that "merely present the same issues ruled upon by the court." L.R. 7.1(g)(3). Defendants have not demonstrated a palpable defect, introduced new evidence, pointed to changes in controlling law, or demonstrated clear error or manifest injustice. L.R. 7.1(g)(3); NL Industries, 65 F.3d at 324 n. 8. The Court declines Defendants' invitation to "rethink what [it] already thought through—rightly or wrongly." *Above the Belt,* 99 F.R.D. at 101.

▪ Defendants' second ground asserts that this Court should not have allowed

Plaintiff to amend his complaint because the new claims were not exhausted at the time the original complaint was filed. This point was also already considered and rejected by the Court in its previous order, but Defendants purport that a recent Sixth Circuit case, if followed, would counsel a different result. The Defendants cite *Baxter v. Rose* as standing for the proposition that, under the Prison Litigation Reform Act ("PLRA"),[2] prisoners cannot amend their complaints to avoid *sua sponte* dismissal for failure to exhaust. 305 F.3d 486, 488 (6th Cir.2002) ("[A] prisoner may not amend his complaint to cure the failure to plead the exhaustion of administrative remedies, if his action is covered by the PLRA.").

The Court acknowledges that *Baxter* is the precedent in the Sixth Circuit, and it follows this precedent where it applies. However, it is not an intervening change in case law because it does not apply here. Plaintiff was not amending his complaint to cure a failure to plead exhaustion; rather, he was adding more properly exhausted claims to his first properly exhausted claim. Because this Court had already decided Plaintiff exhausted his administrative remedies in his original complaint, Plaintiff was not subject to *sua sponte* dismissal under the PLRA and *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). Instead, Mr. Carter, unlike the Plaintiffs in *Baxter* and *Brown*, rather than trying to force unexhausted complaints into the original complaint, waited until his new claims were exhausted before adding them. Thus, the Court's original decision to allow Plaintiff to amend his complaint was correct.

The Court notes that this result is dictated by the history of the PLRA. The PLRA was meant to alleviate many of the burdens placed on federal courts by prisoner litigation. *Blas v. Endicott*, 31 F.Supp.2d 1131, 1133 (E.D.Wis.1999) ("The legislative history of the PLRA, as well as congressional com-

ments concerning the PLRA after its passage [demonstrate] it is beyond dispute that the primary purpose of the PLRA, and the exhaustion provisions in particular, was to reduce the inordinately large volume of prisoner cases being filed in the federal courts.") (footnote with comments from legislators omitted). The exhaustion requirement, in particular, was intended to give prison officials the first opportunity to resolve a complaint prior to federal litigation.[3] *Brown*, 139 F.3d at 1103. Thus, a rule requiring separate cases every time a new grievance is exhausted is fundamentally at odds with Congress' desire to alleviate the courts' burdens. Rather, a sensible rule provides for *sua sponte* dismissal where there has been a failure to exhaust the claims in the original complaint, as in *Baxter*. After the Court finds the claims in the original complaint were exhausted, prisoners must be allowed to add further exhausted claims rather than filing a new complaint, just like any other litigant. Any other rule would create multiple lawsuits involving the same parties and many of the same allegations or even a series of lawsuits that contain a continuing pattern of conduct.

Therefore, for the foregoing reasons,

IT IS HEREBY ORDERED that Defendants' Motion for Relief from Order [18] is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Stay Defendants' Motion for Relief from Order [19–1] until an attorney can be appointed for him is MOOT in light of the above disposition of Defendants' motion.

---

2. The PLRA, 42 U.S.C. § 1997e(a), states, in relevant part:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

3. The Court also notes that, in its experience, the exhaustion requirement, far from alleviating the burden on it, creates numerous arguments over technical rules and then results in dismissals without prejudice where the case simply returns at a later date. In many cases, simply addressing the case on the merits would have been far easier and far less time-consuming.