**Jose EVANS & Victoria Evans, Plaintiffs,**

v.

**TRINITY INDUSTRIES, INC. & Trinity Highway Products, LLC, Defendants.**

**CIVIL ACTION NO. 2:15cv314**

United States District Court, E.D. Virginia, Norfolk Division.

Signed November 25, 2015

Jeffrey Arnold Breit, Michael F. Imprevento, Breit Drescher Imprevento & Walker, Virginia Beach, VA, Collen Andrew Clark, The Clark Firm, Dallas, TX, for Plaintiffs.

Matthew Benjamin Kirsner, Eckert Seamans Cherin & Mellott, LLC, Richmond, VA, Edward John Longosz, II, Eckert Seamans Cherin & Mellott LLC, Washington, DC, Richard Joshua Cromwell, McGuireWoods LLP, Norfolk, VA, Russell Clay Brown, The Law Office of Russell Clay Brown, Henderson, TX, for Defendants.

### MEMORANDUM ORDER

Rebecca Beach Smith, Chief Judge

On September 29, 2015, the court issued a Memorandum Opinion and Order denying the Defendants' Motion for Judgment on the Pleadings (the "September 29 Opinion"). ECF No. 43. The Defendants now seek reconsideration of the September 29 Opinion and ask that the court enter judgment on the pleadings in their favor.

ECF No. 45.[1] For the reasons set forth herein, the Defendants' Motion for Reconsideration is **DENIED**.[2]

Also pending before the court is the Plaintiffs' Motion for Leave to File Amended Complaint. ECF No. 49. The Defendants oppose this Motion primarily because they argue that the court should grant judgment on the pleadings in their favor. Because the court denies the Defendants' Motion for Reconsideration, and for the reasons stated herein, the Plaintiff's Motion for Leave to File Amended Complaint is **GRANTED**.

## I. DEFENDANTS' MOTION FOR RECONSIDERATION

### A. Legal Standard

Under Federal Rule of Civil Procedure 54(b), "a district court retains the power to reconsider and modify its interlocutory judgments ... at any time prior to final judgment when such is warranted." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514–15 (4th Cir.2003). The resolution of motions to reconsider pursuant to Rule 54(b) is "committed to the discretion of the district court," which may be exercised as justice requires. *Id.* at 515 (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983)).

■ However, the courts generally do not depart from a prior interlocutory ruling unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to the issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *Am. Canoe Ass'n*, 326 F.3d at 515

(quoting *Sejman v. Warner–Lambert Co., Inc.*, 845 F.2d 66, 69 (4th Cir.1988)); *see TomTom, Inc. v. AOT Sys. GmbH*, 17 F.Supp.3d 545, (E.D.Va.2014); *Al Shimari v. CACI Int'l, Inc.*, 933 F.Supp.2d 793, 798 (E.D.Va.2013); *Netscape Commc'ns Corp. v. ValueClick, Inc.*, 704 F.Supp.2d 544, 546 (E.D.Va.2010); *McAfee v. Boczar*, No. 3:11cv646, 2012 WL 2505263, at *2 (E.D.Va. June 28, 2012). Moreover, "the court should not reevaluate the basis upon which it made a prior ruling, if the moving party merely seeks to reargue a previous claim." *United States v. Smithfield Foods, Inc.*, 969 F.Supp. 975, 977 (E.D.Va. 1997) (citing *Glenn v. Inland Container Corp.*, 1992 WL 521517, at *1 (E.D.Va. May 13, 1992), *aff'd*, 991 F.2d 789 (4th Cir.1993)).

■ Absent a significant change in the law or the facts since the original submission to the court, granting a motion for reconsideration is only appropriate where, for example, the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Smithfield Foods*, 969 F.Supp. at 977 (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va.1983)). "Such problems 'rarely arise and the motion to reconsider should be equally rare.'" *TomTom, Inc.*, 17 F.Supp.3d at 546 (quoting *Above the Belt*, 99 F.R.D. at 101).

### B. Analysis

The Defendants advance several arguments in support of their Motion, including: (1) statutes of limitations in Virginia

---

1. On November 24, 2015, the Defendants filed a notice with the court requesting that their Motion be set for a hearing. ECF No. 54. The court finds that a hearing is unnecessary, as the facts and legal arguments are adequately presented, and the decisional process

would not be aided significantly by oral argument. See Fed. R. Civ. P. 78(b); E.D. Va. Loc. Civ. R. 7(J).

2. Familiarity with the facts of the case is presumed. *See* Sept. 29 Op. at 1–6.

"are to be strictly enforced, and that 'any doubt must be resolved in favor of enforcement of the statute' "; (2) the Plaintiffs knew they were injured at the time of the accident and therefore the Defendants' misrepresentations were merely "favorable evidence"; and (3) the Defendants' "omission[s]" to the Federal Highway Administration ("FHWA") are not, as a matter of law, "affirmative act[s]" that can toll the statute of limitations. Mem. Supp. at 2–3, ECF No. 46. These arguments are the same as those presented in the Defendants' briefing in support of their Motion for Judgment on the Pleadings. *See* Mem. Supp. of Mot. J. Pleadings at 4–7, ECF No. 29; Reply to Mot. J. Pleadings at 2–6, ECF No. 41. The court carefully considered all of these arguments in the September 29 Order, and will not now "rethink what [it has] already thought through." *TomTom, Inc.*, 17 F.Supp.3d at 546 (quoting *Above the Belt*, 99 F.R.D. at 101).[3]

The same holds true for the Defendants' argument, made in their Reply brief, that the Plaintiffs' claims are barred by the Texas statute of limitations. Reply at 9–10, ECF No. 52. The Defendants did not raise this in their Memorandum in Support of the instant Motion, nor did they address the issue in more than a cursory fashion in the briefing for their Motion for Judgment on the Pleadings. In any event, the court has already addressed the issue in the September 29 Order, at 15–17, and the Defendants have offered no legitimate grounds to reconsider it.

 The one argument the Defendants now advance that they did not present in their earlier briefing relates to the court's statement that "[t]he verdict of the jury in the *qui tam* case forms the crux of the Plaintiffs' arguments in opposition to" the

Motion for Judgment on the Pleadings. Sept. 29 Op. at 5. In the instant Motion, the Defendants argue that the verdict in the *qui tam* case "contained no finding that the ET plus end terminal ... was defective, unreasonably dangerous, or failed to perform as intended." Mem. Supp. at 3. The Defendants either fundamentally misunderstand the requirements of Virginia's fraudulent concealment doctrine, as codified at Va.Code § 8.01–229(D), or they are purposefully obfuscating.

As the Defendants acknowledge, "the Texas case was not a product liability action and no such issues were submitted to the jury for decision." Mem. Supp. at 9. Thus, the jury did not have the opportunity to weigh the evidence and determine whether the ET–Plus was "defective or unreasonably dangerous." What the jury in the *qui tam* case did determine is that the Defendants knowingly made a material false record or statement to the FHWA regarding the ET–Plus system's design, which inherently relates to the system's safety and crashworthiness. As the court has already explained, "once the Defendants elected to petition the FHWA to make certain modifications to the ET–Plus, they were required not to mislead the agency by representing that those were the *only* modifications that had been made." Sept. 29 Op. at 11 (emphasis in original) (citations omitted). The fact that the jury in Texas did not reach the issue of whether the ET–Plus impact head was "defective or unreasonably dangerous" has no bearing on whether the Plaintiffs have sufficiently pleaded that the Defendants engaged in affirmative acts of misrepresentation about the safety and crashworthiness of the ET–Plus.[4] Moreover, the

---

3. For a more in-depth analysis of the arguments made by the Defendants in support of reconsideration, the court refers the Defendants to the September 29 Opinion.

4. *See* Sept. 29 Op. at 6–7 (discussing the standard of review for analyzing a Rule 12(c) motion for judgment on the pleadings, i.e., the same standard applied to a motion to

Defendants do not explain why they could not have presented this argument, as well as the jury's verdict, in their briefing in support of judgment on the pleadings—not that it would have changed the court's analysis.[5]

The Defendants do not point to any new evidence that has come to light since the entry of the September 29 Opinion, nor do they cite any change in controlling law. They also do not suggest that the court has made an error of "apprehension," but instead, simply flesh out the same arguments they put forth in their earlier briefing. This does not suggest that reconsideration is warranted, but rather that the Defendants desire a 'do-over' on their earlier Motion. Indeed, it appears that the Defendants misapprehend the purpose of a motion for reconsideration under Rule 54(b), as well as the standard by which a court evaluates a motion for judgment on the pleadings under Rule 12(c). In sum, the Defendants have merely attempted "to put a finer point on [their] old arguments and dicker about matters decided adversely" to them. *Shanklin v. Seals,* No. 3:07cv319, 2010 WL 1781016, at *3 (E.D.Va. May 3, 2010) (quoting *Goodman v. Everett,* No. 3:06cv849, at 3 (E.D.Va. June 18, 2009)). This is not a valid basis to grant a motion to reconsider pursuant to Rule 54(b).

## II. PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

■ Pursuant to Federal Rule of Civil Procedure 15(a), "the court should freely give leave" to amend a pleading "when justice so requires." Fed.R.Civ.P. 15(a)(2).

The Court of Appeals for the Fourth Circuit embraces the "policy to liberally allow amendment in keeping with the spirit of [Rule] 15(a)." *Galustian v. Peter,* 591 F.3d 724, 729 (4th Cir.2010). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir.2006) (quoting *Johnson v. Oroweat Foods Co.,* 785 F.2d 503, 509 (4th Cir. 1986)).

The Defendants have not argued that granting leave to file an Amended Complaint would prejudice them in any manner, or that there has been any bad faith on the part of the Plaintiffs, and the court sees no evidence of either. However, the Defendants argue that the proposed Amended Complaint would be "futile" for three reasons: (1) the Plaintiffs' claims are all time-barred, and so the Defendants are entitled to judgment on the pleadings; (2) the Amended Complaint asserts a claim in strict product liability, which Virginia law does not recognize; and (3) the Amended Complaint adds a claim for breach of warranty, which "would not survive a Motion to Dismiss." Mem. Opp'n to Mot. for Leave at 2–3, ECF No. 53.

As the court has already determined, in the September 29 Opinion and herein, the Plaintiffs have adequately pleaded fraudulent concealment to toll the statute of limitations; thus, their claims are not time-barred. The other two reasons the Defendants offer for why the Amended Complaint is "futile" are grounded in the

---

dismiss for failure to state a claim under Rule 12(b)(6)).

**5.** In support of their Motion, the Defendants also cite to a report from a joint state and federal task force about the ET–Plus system's compliance with federal safety standards.

Mem. Supp. at 10. This evidence is more appropriately offered in support of a summary judgment motion or at trial, and does not negate the propriety of the court's denial of the Defendants' Motion for Judgment on the Pleadings.

Defendants' assertion that it would not survive a motion to dismiss. However, there is no motion to dismiss pending before the court at this juncture. If, after the Plaintiffs file an Amended Complaint, the Defendants believe it fails to state a claim upon which the court can grant relief, they may file an appropriate motion to which the Plaintiffs may respond.[6] In light of the Fourth Circuit's policy liberally allowing the amendment of pleadings, and where the Plaintiffs have acted neither in bad faith nor with the purpose to prejudice the Defendants, there is no reason to deny the Plaintiffs' Motion for Leave.

## III. CONCLUSION

Accordingly, the Defendants' Motion for Reconsideration is **DENIED**. The Plaintiffs' Motion for Leave to File Amended Complaint is **GRANTED,** and the Plaintiffs are **DIRECTED** to file their Amended Complaint forthwith.

The Clerk is **DIRECTED** to send a copy of this Memorandum Order to counsel for the parties.

**IT IS SO ORDERED.**

---

6. Any such motion should not attempt to relitigate the issues addressed in the September 29 Opinion and herein, i.e., the Defendants' argument that the Plaintiffs' claims are time-barred. The Defendants have had ample opportunity to raise and brief that issue, and their position and the court's ruling thereon is preserved for the record.