**Barry S. CHAMBERLAIN**

v.

**HARNISCHFEGER CORPORATION and Arthur Phillips and Company, Inc.**

Civ. A. No. 79–2966.

United States District Court,
E. D. Pennsylvania.

May 28, 1981.

Robert C. Daniels, Philadelphia, Pa., for plaintiff.

Robert G. Kelly, Jerrold P. Anders, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

Plaintiff Barry S. Chamberlain, a citizen of New Jersey, brought this action in the Court of Common Pleas of Philadelphia County against defendants Harnischfeger Corporation ("Harnischfeger"), a Delaware corporation, and Arthur Phillips and Company, Inc. ("Phillips"), a Maryland corporation. Harnischfeger timely removed the case to federal court as a diversity action.

Plaintiff alleged that he suffered severe personal injuries when he slipped and fell while working upon a 50-ton crawler crane manufactured, designed and sold by Harnischfeger; Phillips, owner and possessor of the crane from 1957 to 1972, sold the crane in 1972 to a purchaser who subsequently transferred it to plaintiff's employer. Defendant Phillips moved to dismiss the action against it for lack of personal jurisdiction. Defendant Phillips had not done business in Pennsylvania since the late 1940's and early 1950's, it did not regularly sell cranes or other equipment directly to Pennsylvania customers, it did not indirectly serve or seek to serve the Pennsylvania market, and it rarely sold used construction equipment to anyone. Phillips did not leave Maryland when negotiating or contracting for the sale of the crane involved in the injuries to plaintiff. The Pennsylvania purchaser came to Phillips in Baltimore. The terms of the purchase provided for delivery of the crane "as is, where is, Baltimore, Md." The court held that when Phillips agreed in 1972 to resell its used crane to a Pennsylvania purchaser, it should not reasonably have anticipated being subject in 1979 to liability in Pennsylvania to the employee of a subsequent purchaser. Finding that plaintiff failed to establish the minimum contacts constitutionally required, defendant Phillips' motion was granted by Order of April 9, 1980.

Plaintiff's appeal from this decision was dismissed on December 11, 1980 by judgment order of the Court of Appeals for the Third Circuit, 636 F.2d 1207, stating:

It is ADJUDGED AND ORDERED that the appeal will be dismissed without prejudice to the right of appellant to apply to the district court for a determination and direction under F.R.C.P.54(b). However, we express no opinion as to whether the determination and direction should be made; this being a matter within the discretion of the district court. If the determination and direction are made, a new appeal may come before us on the present briefs and record supplemented to show subsequent proceedings.

Now before the court is plaintiff's subsequent petition for direction of a final judgment for defendant Phillips and an express determination that there is no just reason for delay in order to allow immediate appeal of this court's Order dismissing Phillips pursuant to F.R.C.P. 54(b).[1] The petition is opposed by defendant Phillips. For the reasons which follow, the court will grant the petition.

Three conditions must exist before a Rule 54(b) direction and determination may be made. The first condition, that multiple claims for relief or multiple parties are involved, clearly exists; this action is against two defendants. If there are multiple parties, there need only be one claim in the action. *See,* 10 Wright & Miller, Federal Practice and Procedure, § 2656 (1973); *Eisenhower v. DiCiurcio,* C.A. No. 79–4128 (E.D.Pa. November 17, 1980).

The second condition, that there is a final decision resolving the rights and liabilities of at least one party, is also met. A dismissal for lack of personal jurisdiction disposes of the claim completely against that party. 10 Wright & Miller, Federal Practice and Procedure, § 2656 (1973); *see, Bernardi Brothers, Inc. v. Pride Mfg., Inc.,* 427 F.2d 297 (3d Cir. 1970) (Rule 54(b) certification where some defendants dismissed for lack of personal jurisdiction).

---

1. Rule 54(b) provides:

(b) Judgment upon Multiple Claims or Involving Multiple Parties.

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The third condition for a Rule 54(b) certification is that the court finds there is no just reason for delaying an appeal. A request that this determination be made is addressed to the discretion of the trial judge; the decision must depend on the facts of the particular case. *See generally,* 10 Wright & Miller, Federal Practice and Procedure § 2659 (1973). *Curtiss-Wright Corp. v. General Electric Co.,* 446 U.S. 1, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980). In *Curtiss-Wright,* the Supreme Court relaxed the standard for certification of appeals under Rule 54(b) which had previously prevailed in this Circuit (*see, Eisenhower, supra,* at 7, and cases cited therein), by rejecting the view urged by defendant Phillips here, that certification is to be utilized only in the infrequent harsh case.[2] Rather, the Court stated that, "however accurate it may be as a description of cases qualifying for Rule 54(b) treatment, the phrase 'infrequent harsh case' in isolation is neither workable nor entirely reliable as a benchmark for appellate review." *Curtiss-Wright, supra,* 446 U.S. at 12, 100 S.Ct. at 1467, 64 L.Ed.2d 1. As noted in *Eisenhower, supra,* at p. 6, the "touchstone in this exercise of discretion is the interest of sound judicial administration."

Weighing the factors in this case leads to a conclusion that sound judicial administration would be served by certification under Rule 54(b). The nature of the order makes clear that "no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright, supra,* 446 U.S. at 11, 100 S.Ct. at 1466, 64 L.Ed.2d 1 (a factor properly considered by the district court upon request for Rule 54(b) certification). Should the Circuit Court determine the jurisdictional issue presented at this time, it would not reappear post trial if an appeal were then taken.

An appeal now also avoids the possibility of multiple trials. Plaintiff may now still litigate against Phillips in another judicial district but he will then be pursuing claims in two courts, with the possibility of inconsistent determinations in the trial courts and on appeal.[3] If plaintiff decides instead to appeal the dismissal of Phillips after trial, even if the dismissal were reversed on appeal, a second personal injury and products liability trial involving substantial repetition of factual matters would be necessitated. If the dismissal were affirmed, the statute of limitations may then prevent litigation against Phillips in Maryland. Of course, it is possible that plaintiff may prevail against defendant Harnischfeger and be satisfied with that judgment. In that eventuality, whether or not Phillips is liable will be moot. But that likelihood is insufficient in itself to outweigh plaintiff's present practical choice between two simultaneous trials in two jurisdictions or two successive trials in the same jurisdiction. Plaintiff's predicament commends certification.

We have also considered the delay involved in not proceeding against defendant Harnischfeger while the appeal as to defendant Phillips is pending. However, plaintiff prefers this delay to the prospect of two trials and defendant Harnischfeger has not objected. The Court of Appeals has indicated in its Judgment Order that the appeal may come before it on the present briefs which will save time and effort. The expense of briefing this discrete issue of personal jurisdiction having already been undertaken, albeit due to plaintiff's premature appeal, it seems that appellate review of the court's determination as to defendant Phillips would now be appropriate.

Upon careful consideration, we determine that appeal at this time promises the most

---

**2.** Defendant Phillips' Reply to Plaintiff's Petition for Certification.

**3.** Phillips asserts that plaintiff might move to transfer to a forum where there is jurisdiction over both defendants. However, it is not clear if defendant Harnischfeger would acquiesce or that the motion would be granted. We have also considered the possibility that the statute of limitations on plaintiff's claim against Phillips may have run in the interim between Phillips' dismissal and resolution of plaintiff's premature appeal, which would preclude initiation of a suit against Phillips upon this cause of action in another judicial district.

efficient use of judicial resources with the least expense and hardship to all parties and there is no justification for delay. An appropriate Order will issue.