293 F.Supp.2d 430 (2003)
COMMISSARIAT À L'ÉNERGIE ATOMIQUE, Plaintiff,
v.
CHI MEI OPTOELECTRONICS CORPORATION; Dell Computer Corporation; Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Electronics Canada, Inc.; Samsung International, Inc.; Sun Microsystems, Inc.; and Viewsonic Corporation, Defendants.
No. CIV.A.03-484-KAJ.
United States District Court, D. Delaware.
November 21, 2003.
*431 *432 Richard D. Kirk, Morris, James, Hitchens & Williams LLP, Wilmington, DE, McKenna Long & Aldridge LLP, Washington, DC (Gaspare J. Bono, Song K. Jung, Rel S. Ambrozy, Matthew T. Bailey-of counsel), for plaintiff.
William J. Marsden, Jr., Eugene J. Joswick, Fish & Richardson, P.C., Wilmington, DE, Fish & Richardson, P.C., Washington, D.C. (Michael J. McKeon, Brian T. Racilla, of counsel) for defendant Chi Mei Optoelectronics.

MEMORANDUM OPINION
JORDAN, District Judge.

I. INTRODUCTION
This is a patent infringement case. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1338. Plaintiff Commissariat à l'Énergie Atomique ("CEA") instituted this action on May 19, 2003, alleging infringement of U.S. Patent Nos. 4,701,028 and 4,889,412, which are both owned by CEA. (Docket Item ["D.I."] 1 at 2, 8.) On September 22, 2003, I issued a Memorandum Opinion and Order granting defendant Chi Mei Optoelectronics Corporation's ("CMO") Motion to Dismiss for Lack of Personal Jurisdiction (the "Motion to Dismiss"). (D.I.53, 54.) Presently before me is CEA's Motion for Reconsideration, or in the alternative, for Entry of Judgment Pursuant to Federal Rule of Civil Procedure 54(b) or for Certification Under 28 U.S.C. § 1292(b) (the "Motion"). (D.I.55.) For the reasons that follow, CEA's Motion will be granted in part and denied in part.

II. BACKGROUND
The facts and procedural background of this case are set forth in a prior opinion, reported at Commissariat à l'Énergie Atomique v. Chi Mei Optoelectronics Corporation, et al., 2003 U.S. Dist. LEXIS 18676 (D.Del. Sept. 22, 2003) (dismissing case against CMO for lack of personal jurisdiction). On October 6, 2003, CEA filed the instant Motion, asking me to reconsider my September 22, 2003 Order and allow CEA to conduct jurisdictional discovery to establish that CMO is subject to personal jurisdiction in Delaware. (D.I. 55 at 1.) CEA also argues, in the alternative, for the entry of final judgment under Federal Rule of Civil Procedure 54(b) or certification under 28 U.S.C. § 1292(b), in order to allow for an immediate appeal of my decision to dismiss CMO from this litigation. (D.I. 55 at 9.)

III. STANDARD OF REVIEW
Motions for reconsideration should be granted only "sparingly." Karr v. Castle, 768 F.Supp. 1087, 1090 (D.Del. 1991). In this district, motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension. Brambles USA, Inc. v. Blocker, 735 F.Supp. 1239, 1240 (D.Del.1990) (citing Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D.Va.1983)). "Courts should be particularly vigilant that motions for reargument or reconsideration are not used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." Id.
Further, a district court should grant a motion for reconsideration which alters, amends, or offers relief from a judgment when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving *433 party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in a manifest injustice. See Max's Seafood Café by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted).
In general, an order which terminates fewer than all claims, or claims against fewer than all parties, does not constitute a "final" order for purposes of appeal under 28 U.S.C. § 1291. See Ultra-Precision Manufacturing Ltd. v. Ford Motor Co., 338 F.3d 1353, 1357 (Fed.Cir. 2003); see also Carter v. City of Philadelphia, et al., 181 F.3d 339, 343 (3d Cir. 1999). However, Federal Rule of Civil Procedure 54(b) provides for appeal of a single adjudicated claim while other claims remain unadjudicated and pending. Ultra-Precision, 338 F.3d at 1357. An order may be final and immediately appealable under 28 U.S.C. § 1291 when a district court makes an express determination that there is no just cause for delay and expressly directs entry of final judgment.[1]Nystrom v. TREX Co., 339 F.3d 1347, 1351 (Fed.Cir.2003); Carter, 181 F.3d at 343. Factors to be considered when determining whether there is any just reason for delaying appeal until disposition of plaintiff's claims against the remaining defendants include "whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined is such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." Cemar, Inc. v. Nissan Motor Corp., 897 F.2d 120, 123 (3d Cir.1990) (citing Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)).
A court may grant certification under 28 U.S.C. § 1292(b) when it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation...." 28 U.S.C. § 1292(b); see also Katz v. Carte Blanche Corp., 496 F.2d 747, 754-55 (3d Cir.1974).

IV. DISCUSSION

1. CEA'S Motion for Reconsideration
CEA argues that jurisdictional discovery is necessary in this case to prevent a manifest injustice and an error of law. (D.I. 55 at 3.) In support of this argument, CEA states that "jurisdictional discovery is necessary and proper" and that it "will be able to meet its burden of demonstrating contacts with Delaware sufficient to give the Court in personam jurisdiction [over CMO] if it is permitted to take jurisdictional discovery." (Id.) CEA requests the opportunity to take jurisdictional discovery to establish CMO's pre-filing sales in Delaware (id. at 5) and that CMO has derived substantial revenue from Delaware from the sale of its allegedly infringing LCD panels (id. at 6).
In response, CMO argues that both parties fully briefed and argued CMO's Motion to Dismiss, and that CEA had ample opportunity to create a complete record with respect to that motion. (D.I. 56 at 1.) CMO argues that permitting jurisdictional *434 discovery would be costly, unduly burdensome, and irrelevant. (Id. at 5.)
I am persuaded by CMO's arguments. Contrary to CEA's assertions, CEA did not adequately "preserve its position that [jurisdictional] discovery [was] necessary" prior to my decision on CMO's Motion to Dismiss.[2] (D.I. 55 at 3.) Both parties were given ample opportunity to create a complete record with respect to CMO's Motion to Dismiss. CEA filed a reply brief with an extensive appendix of exhibits (D.I.14, 15); participated in oral argument on CMO's Motion to Dismiss (D.I.44) and thereafter filed six supplemental declarations, in opposition to CMO's Motion to Dismiss (D.I.37-42); and submitted additional letter briefing pertaining to certain issues raised at oral argument (D.I.49).
In light of the foregoing, CEA has not demonstrated that an error of law was committed or that a manifest injustice would result if it were denied jurisdictional discovery. CEA had sufficient time to investigate CMO's contacts with Delaware and create its record in opposition to CMO's Motion to Dismiss. It is simply too late in the day for CEA to request jurisdictional discovery, and its Motion for Reconsideration will be denied.

2. CEA's Request for Entry of Judgment Pursuant to Federal Rule of Civil Procedure 54(b)
CEA argues that, if I deny its Motion for Reconsideration, I should enter final judgment so that this matter may proceed immediately to appeal. (D.I. 55 at 10.) In response, CMO asserts that CEA has failed to show that there is "no just reason for delay," as required by Federal Rule of Civil Procedure 54(b). (D.I. 56 at 8.) In support of its argument, CMO states that CEA "ignores the possibility" that "[t]his lawsuit may render the patents in suit invalid whether or not CMO is involved. If the patents are invalidated, CEA's claims against CMO are moot." (Id. at 8, 9.)
Three conditions must exist before a determination and direction under Federal Rule of Civil Procedure 54(b) may be made. Chamberlain v. Harnischfeger Corp., 516 F.Supp. 428, 429 (E.D.Pa.1981), aff'd, 673 F.2d 1298 (3d Cir.), cert. denied, 457 U.S. 1118, 102 S.Ct. 2930, 73 L.Ed.2d 1330 (1982). The first condition, that multiple claims for relief or multiple parties must be involved, is clearly satisfied in this case. Id. Apart from CMO, CEA currently has patent infringement claims pending against seven defendants in this case. The second condition, that there must be a final decision resolving the rights and liabilities of at least one party, is also satisfied. Id. The order granting CMO's Motion to Dismiss was a final decision because it was the "ultimate disposition of an individual claim entered in the course of a multiple claims action," namely, CEA's patent infringement *435 claims against CMO. See Ultra-Precision, 338 F.3d at 1357 (citing Curtiss-Wright, 446 U.S. at 7, 100 S.Ct. 1460). Finally, I must decide whether there is a just reason to delay an appeal.[3]Nystrom, 339 F.3d at 1351; Chamberlain, 516 F.Supp. at 430.
In this case, the issue of personal jurisdiction that is presented is "plainly separable" from CEA's remaining claims of patent infringement against the other defendants. See Carter, 181 F.3d at 346 (citing Curtiss-Wright, 446 U.S. at 7, 100 S.Ct. 1460). Further, there is no significant risk of duplicative appeals, since the claims against CMO were dismissed for lack of personal jurisdiction, an issue which is not present, at least at this juncture, in any of the remaining claims. See Nat'l Gypsum Co. v. Continental Brands Corp., 895 F.Supp. 328, 344 (D.Mass.1995). Finally, should the dismissal of CMO be reversed on appeal, the claims against CMO are "more likely to be resolved in the same time frame as the claims against the other defendants in this action," id., thus advancing the interests of judicial economy, Carter, 181 F.3d at 347. Therefore, I find that there is no just reason to delay entry of judgment in favor of CMO.
As the requirements of Federal Rule of Civil Procedure 54(b) have been met, I will grant CEA's Motion to the extent that it requests the entry of final judgment, and final judgment will be entered in favor of CMO.

3. CEA's Motion for Certification Under 28 U.S.C. § 1292(b)
Because I will enter final judgment pursuant to Federal Rule of Civil Procedure 54(b), I need not consider whether certification is proper under 28 U.S.C. § 1292(b). Therefore, CEA's Motion will be denied as moot to the extent that it requests certification under 28 U.S.C. § 1292(b).

V. CONCLUSION
For the reasons set forth herein, CEA's Motion (D.I.55) will be denied to the extent that it requests reconsideration of my September 22, 2003 Order; granted to the extent that it requests entry of final judgment in favor of CMO, pursuant to Federal Rule of Civil Procedure 54(b); and denied as moot to the extent that it requests certification under 28 U.S.C. § 1292(b).
An appropriate Order will issue.

ORDER
For the reasons set forth in the Memorandum Opinion issued on this date, it is hereby ORDERED that CEA's Motion (D.I.55) is:
1. DENIED to the extent that it requests reconsideration of the court's September 22, 2003 Order;
2. GRANTED to the extent that it requests entry of final judgment in favor of CMO, pursuant to Federal Rule of Civil Procedure 54(b); and
3. DENIED as moot to the extent that it requests certification under 28 U.S.C. § 1292(b).
IT IS SO ORDERED.
NOTES
[1] When more than one claim for relief is presented in an action, ..., or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment....

Fed.R.Civ.P. 54(b).
[2] In support of this argument, CEA looks to the Third Circuit's decision in Renner v. Lanard Toys Ltd., 33 F.3d 277, 283 (3d Cir. 1994). In Renner, the "case was disposed of [on defendant's motion to dismiss for lack of personal jurisdiction] without any opportunity for the normal discovery process." Id. (emphasis added). As discussed in detail infra, both CEA and CMO had ample opportunity to develop a complete record with respect to CMO's Motion to Dismiss. Further, CEA merely mentioned jurisdictional discovery in passing (D.I. 14 at 26, D.I. 44 at 19), but did not fully brief or argue the issue at any time prior to the instant Motion. Indeed, at oral argument, counsel for CEA requested leave to file supplemental declarations because he "would like to have the record complete." (D.I. 44 at 10.) CEA was granted leave to file the supplemental declarations (id. at 29) so that I would have what both parties believed "to be a complete record upon which to render a decision..." (id. at 31). CEA is not entitled to further discovery to develop a record it previously represented was complete with respect to CMO's Motion to Dismiss.
[3] When more than one claim for relief is presented in an action, ..., or when multiple parties are involved, the court may direct the entry of final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for entry of judgment....

Fed.R.Civ.P. 54(b).